WARD ABERNATHY, by JAMES SHEPARD, Curator
of Estate of WARD ABERNATHY, v. MISSOURI
PACIFIC RAILWAY COMPANY, Appellant.

Division Two, March 9, 1921.

1. **JUDGMENT: Collateral Attack.** A judgment rendered by a court of another state possessing jurisdiction of the subject-matter and of the parties, cannot be collaterally attacked in the courts of this State.

2. ———: ———: **Fraud: Raised by Reply.** Plaintiff, a minor, sued in this State, by his curator, for damages for personal injuries received in Kansas. The defendant pleaded that the father of plaintiff had been appointed his guardian by the probate court of the county in which the accident occurred, that said guardian had instituted suit in the district court of said county, that counsel for both parties appeared and it was agreed that judgment should be rendered for plaintiff in a certain amount, that judgment in said amount was rendered, and that the amount had been paid to the clerk of said court for use of said guardian. In his reply, plaintiff alleged that the order of the probate court appointing plaintiff's guardian and the judgment of the district court were procured by fraud, deception and misrepresentation practiced upon those courts by defendant and were void, and that certain attorneys, mentioned in said judgment as counsel for the plaintiff, did not represent him in said courts. *Held,* that the courts of Kansas having jurisdiction of the parties and of the subject-matter of the cause of action, with full power to hear and determine it, and having heard and determined it by said judgment, and the amount having been paid to the clerk for the use of plaintiff's guardian, plaintiff cannot now successfully attack said judgment collaterally by allegations in his reply in the Missouri action to the effect that said judgment was procured by fraud and deception practiced by defendant upon the courts in the act of procuring said judgment; but said judgment is a bar to his said action.

3. ———: ———: **Errors Apparent on Face.** A judgment void on its face binds no one, but may be attacked collaterally in any court in which it is invoked. But a judgment rendered by a court of competent jurisdiction cannot be set aside in a collateral proceeding on account of mere irregularities or errors apparent on its face.

4. ———: ———: **Attorneys: Power to Represent Plaintiff.** In a collateral attack on a former agreed judgment rendered in behalf of plaintiff, an allegation that certain attorneys did not represent him in said former action is effectually disposed of by a recital in said judgment that said attorneys appeared for him.

Appeal from Benton Circuit Court.—*Hon. C. A. Calvird,* Judge.

REVERSED.

*J. F. Green* and *C. D. Corum* for appellant.

(1) This clearly was a collateral attack on these judgmen's, as is shown by the following authorities. Johnson v. Realty Co., 167 Mo. 341; State ex rel. v. Merchants & Miners Bank, 213 S W. 817; 14 Current Law, p. 390; Gunby v. Cooper, 177 Mo. App. 356. (2) The procedure here presented clearly constitutes a collateral attack on these judgments for fraud in the procurement of them and they are invulnerable to attack in this way. State ex rel. v. Merchants & Miners Bank, 213 S. W. 818; Lovett v. Russell, 138 Mo. 482; Rivard v. Railroad, 257 Mo. 168; Maxwell v. Quinby, 90 Mo. App. 473; Abbington v. Townsend, 271 Mo. 615; State ex rel. v. Ross, 118 Mo. 46; Johnson v. Realty Co., 167 Mo. 339; Morris v. Sadler, 74 Kan. 892; Simpson v. Kimberlin, 12 Kan. 579; Pritchert v. Madern, 31 Kan. 38. (3) The facts alleged in plaintiff's reply are insufficient to justify the setting aside these judgments even in a direct proceeding. If plaintiff had sought, by his petition filed in the District Court of Crawford County, Kansas, to set the judgment rendered by that court aside and had based the right to do so on the averments contained in this reply, such petition would be demurrable. It is well-settled law that before a judgment can be set aside for fraud, even in a direct proceeding instituted for that purpose, that the plaintiff must allege and prove that fraud was practiced in the very act of procurement of the judgment. It will be noticed that the reply in this case does not allege any fact tending

to show any fraud in the procurement of the judgments rendered by the Kansas courts, but it is simply based on the alleged ground that fraudulent representations were made to the plaintiff's guardian which induced him to consent to the judgment entered in the probate court and to settle his case for an inadequate amount, and that these representations were made to him by defendant's agents outside of the court room and prior to the rendition of the judgments by the probate court, and, of course, prior to the rendition of the judgment in the District Court of Crawford County, Kansas. These averments would not satisfy the requirements of the law even in a direct proceeding assailing these judgments. Murphy v. De France, 101 Mo. 157; Payne v. O'Shea, 84 Mo. 133; Hamilton v. McLean, 139 Mo. 678; Nichols v. Stevens, 123 Mo. 96; Story on Equity Juris. (11 Ed.) sec. 1582; Railroad v. Mirrieless, 182 Mo. 126; Fears v. Riley, 148 Mo. 49; McDonald v. McDaniel, 242 Mo. 176; Trust Co. v. Stoneware Co., 197 Mo. App. 148; Cantwell v. Johnson, 236 Mo. 600; Wolf v. Brooks, 177 S. W. 337; McGillvray v. Assurance Co., 46 L. R. A. (N. S.) 110; Crouse v. McVickar, 207 N. Y. 213; United States v. Beebe, 180 U. S. 344, 45 L. Ed. 563. (4) The court erred in not giving the judgments of the probate and district courts of Kansas the full faith and credit required by Section 1 of Article IV of the Constitution of the United States. Tootle v. Buckingham, 190 Mo. 196; Lieber v. Lieber, 239 Mo. 29; Railroad v. Deer, 200 U. S. 176; Harris v. Balk, 198 U. S. 215; Lindley v. Railroad, 47 Kan. 432; Morris v. Sadler, 74 Kan. 892; Anthony v. Halderman, 7 Kan. 50; Garner v. State ex rel. Moon, 28 Kan. 790; Pritchard v. Madren, 31 Kan. 38.

*C. W. Prince, E. A. Harris, W. S. Jackson,* and *James N. Berry* for respondent.

(1) The so-called release and discharge is void *ab initio* for the reason that the "journal entry" shows upon its face that the plaintiff was a minor, that a "jury" was

"waived" and that judgment was based upon the "agreement" of the parties. The rights of infants can be extinguished only by legal proof; nothing can be waived; the guardian was utterly lacking in power to "waive" the substantial right of trial by jury, and the court was lacking in power to effectuate such waiver. Revely v. Skinner, 33 Mo. 101; McClure v. Frithing, 51 Mo. 109; Le Bourgeoise v. McNamara, 10 Mo. App. 119. (2) An infant is incapable of making an admission which can effect his rights, and for a stronger reason an admission of another person made on behalf of the infant cannot affect his rights. Fink v. Railroad, 161 Mo. App., 314, 143 S. W. 568. (3) A guardian is without power to waive or consent to anything in cases involving rights of minors. Full proof must be made. Revely v. Skinner, 33 Mo. 100; McClure v. Farthing, 51 Mo. 109; Fink v. Railway, 161 Mo. App. 324; Railway Co. v. Lasca, 79 Kan. 311. (4) The discharge proved by defendant was a mere "journal entry" furnished by defendant's counsel and filed in court. It lacked the verity of a judgment and was not signed until ten years after it was filed and then by a man whose judicial powers had terminated many years before, a mere afterthought and makeshift in a vain attempt to validate a worthless document. But in addition to this a judgment is not such until it is rendered, and in Kansas even after rendition, is not complete until the record itself is signed by the judge. 1909 Kan. Gen. Stat. secs. 6008, 6010. (5) But whether it be called a direct or collateral attack to impugn a judgment by an answer or reply our statutes expressly authorize that thing to be done. Sec. 1812, R. S. 1909. (6) Though collateral attack is permissible where the judgment is infected with a jurisdictional flaw, an attack in reply on a release pleaded in the answer is direct and not collateral and a *fortiori* an attack on a judgment so pleaded is direct and not collateral. Harms v. Casualty Co., 172 Mo. App. 248; Martin v. Turnbaugh, 153 Mo. 172; Wonderly v. Lafayette, 150 Mo. 626; Engler v. Knoblaugh, 131 Mo. App. 481. Fraud which goes to the jurisdiction of a court may be shown

287 Mo.—3

in response, when a judgment entered by a court thus lacking jurisdiction, is sought to be enforced. Fraudulently simulating appearance by attorney is such a fraud, and judgments based thereon are open to collateral attack. Palmer v. Bank, 213 S. W. 873; Marx v. Fore, 51 Mo. 74; Eager v. Stover, 59 Mo. 87; Napton v. Leaton, 71 Mo. 358; Hayes v. Merkle, 67 Mo. 57; Hayes v. Merkle, 78 Mo. 383; Hanks v. Hanks, 218 Mo. 673. (8) In Missouri a foreign judgment may be attacked when set up, and the want of jurisdiction and fraudulent simulated appearance may be shown by response. If obtained by fraud and without jurisdiction it is no judgment at all and absolutely void and will be so declared if the fact is made to appear; the defense goes to its very existence. Marx v. Fore, 51 Mo. 74; Palmer v. Bank, 218 S. W. 873. (9) Citizens are not driven to foreign states to protect their rights. If they have a legal right, or are being subjected to a wrong they may look for protection to the tribunal having jurisdiction over them and the subject-matter, if the opposite party has placed himself within this jurisdiction. Marx v. Fore, 51 Mo. 74; Palmer v. Bank, 218 S. W. 873. (10) On objection of the defendant the court excluded the testimony of J. A. Van Houten, clerk of the District Court of Crawford County, Kansas, to the effect that the records and files of the court had been materially and unlawfully altered. The excluded proof is competent for this court to consider, because the respondent may point out errors committed by the trial court against him in order to sustain judgment in his favor. Savings Bank v. Denker, 205 S. W. 208. (11) The inference of authority arising from the words "attorneys for plaintiff" following the words "Curran and Curran" in the proceedings in the district court of Kansas was destroyed by the positive testimony of Burl Abernathy that he had not employed them. The issue thereon thus became *ipso facto* resolved in plaintiff's favor as a matter of law. Guthrie v. Holmes, 272 Mo. 215; Mockowik v. K. C. Ry. Co., 196 Mo. 550.

MOZLEY, C.—This suit was instituted on the 13th day of February, 1917, in the Circuit Court of Benton

County, Missouri, · by Ward Abernathy, by the curator of his estate, James J. Shepard. The action was to recover damages for personal injuries sustained by plaintiff by being run over by a car being operated by the Missouri Pacific Railway Company ·at Cherokee, Kansas. The injury occurred on the 10th day of September, 1905. The petition states a common-law action for negligence, in that defendant negligently and carelessly backed a string of its cars on a side track with such force against a stationary car as to run it against and over plaintiff and so injury him that both of his legs had to be amputated, all of which, it is alleged, was done without the exercise of ordinary care, which, had it been exercised, would have disclosed plaintiff's presence and his situation of imminent peril. Recovery was sought under the humanitarian rule. The petition alleges that plaintiff was a minor, nineteen years of age, when the present action was brought, and that he was seven years of age when the accident happened,—thus disclosing a lapse of twelve years from the date of the accident to the date of the suit.

Defendant answered by general denial, a plea of contributory negligence that defendant railway was defunct, and plaintiff's father, Burl Abernathy, desiring to make a settlement with defendant, arranged with it to pay plaintiff the sum of $250 and costs of a friendly suit, which was to· be in full acquittance of all liabilities of defendant in the premises. To this end Burl Abernathy, father of plaintiff, was appointed guardian of plaintiff by the Probate Court of Crawford County, Kansas, the county in which the accident happened and the subsequent proceedings were had, on the 17th day. of May, 1907, with full power under the laws of said State to collect, manage and dispose of said estate under the order of the court and to do and perform such acts as might be required of him by law or the decree, order, or judgment of any court of competent jurisdiction. Said guardian duly qualified in this behalf and was authorized to, and did, institute suit on May 17,

1907, in the district court of said county and, upon due appearance of both parties to said cause, the plaintiff by Curran & Curran, his attorneys, and defendant by J. J. Campbell, J. J. Richards and C. E. Benton, a hearing was had thereon (a jury being waived) upon the pleadings, evidence and agreement entered into between the parties, judgment was rendered in favor of plaintiff and against defendant for the sum of $250 and $8.40 costs. This sum was paid by defendant to the clerk of said court, for the use of plaintiff to his guardian. Defendant pleaded all the foregoing facts in bar of the present action. Some other matters, alleged to be defensive to the action are pleaded by defendant, but in the view we take of the matter they are immaterial and will not be further referred to.

Plaintiff's reply was a general denial of the averments of the answer; a plea that the action of the probate court, in appointing plaintiff's guardian, and of the District Court of Crawford County, Kansas, in rendering judgment for plaintiff, were both void and were procured by fraud, deception and misrepresentation practiced upon them by defendant; that Curran & Curran did not represent the plaintiff in the Kansas courts, and that the judge did not sign the judgment rendered.

I. Plaintiff filed a motion to dismiss the appeal herein on the ground that the assignments of alleged error were not sufficiently specific and distinct in alleging what the supposed error was and, hence, is too general to justify review by us. Under the holding of the later cases it is not necessary for assignments of error to be more specific and distinct than those of the instant case. [Wampler v. Railroad, 269 Mo. l. c. 483; United Rys. Co. v. Reynolds, 278 Mo. 554.] We overrule said motion.

**Assignments.**

II. Defendant assigns as error the refusal of the court *nisi* to give its instruction, at the close of the testimony, directing a verdict in its favor. If this position is correct it will dispose of all other questions raised.

**Directed Verdict.**

III.   The judgment of the District Court of Craw-
ford County, Kansas, where the cause originated and was
tried, omitting caption, reads as follows:

"Now on this the 17th day of May, 1907, that being
a day of the regular May term, 1907, of said court, the
above entitled case comes on for trial, plaintiff appear-
ing by Curran & Curran, his attorneys, the
defendant appearing by J. J. Campbell, J.

Judgment:
Collateral Attack

J. Richards and C. E. Benton, its attor-
neys, and a jury having been waived, said cause is submit-
ted to the court upon the pleadings, evidence and agree-
ment of the parties, on consideration whereof the court
finds for the plaintiff, and finds that plaintiff is entitled
to recover the sum of two hundred and fifty dollars and
costs of suit.   It is therefore considered, ordered and
adjudged by the court that said plaintiff have and recover
of and from said defendant, the Missouri Pacific Railway
Company, the sum of two hundred and fifty dollars and
costs herein, taxed at $8.40.

"ARTHUR N. FULLER, Judge."

Where a court of another state having jurisdiction
of the person and subject-matter of the cause of action
and full power to hear and determine it and, in pursuance
thereof, does hear and determine it by rendering the judg-
ment above set out which was duly paid to the clerk of
said court, for the use of plaintiff, to his guardian (there-
tofore duly appointed by the probate court of the county
and state where said cause was pending), can the plain-
tiff successfully collaterally attack said judgment by al-
leging in his replication that it was procured by fraud,
deception and misrepresentation practiced by defendant?

The probate court of Kansas had jurisdiction over the
subject-matter before it and likewise jurisdiction over the
person of Ward Abernathy.

In this collateral attack, the judgments and orders
of said court are conclusive and cannot be called in ques-
tion here.   [Pritchard v. Madren, 31 Kan. 38; Morris v.
Sadler, 74 Kan. 892; Smith v. Clausmeier, 136 Ind. 105;
Oldaker v. Spiking, 210 S. W. l. c. 62, and cases cited;

Wright v. Hetherlin, 209 S. W. 1. c. 874; Thompson v. Pinnell, 199 S. W. 1. c. 1013; Harter v. Petty, 266 Mo. 296.]

It is not necessary to cite authorities on the proposition that a judgment void on its face binds no one and may be collaterally attacked whenever or wherever it comes in the way.

But on the other hand, where the record shows on its face that the court had jurisdiction over the person and subject-matter and hears the cause and renders a judgment fair on its face, the rule is the reverse. See Kansas cases above cited and State ex rel. v. Ross, 118 Mo. 23; Lovitt v. Russell, 138 Mo. 474; Johnson v. Realty Co., 167 Mo. 325; Fitzgerald v. DeSoto Special Road Dist., 195 S. W. 695; Rivard v. Railroad, 257 Mo. 135, 1. c. 168; Abington v. Townsend, 271 Mo. 1. c. 615; Johnson v. Merchants' & Miners' Bank, 213 S. W. 815-16-17; 15 R. C. L. p. 835; State v. Case & Sipes, 217 S. W. 309; Boas v. Branch, 208 S. W. 1. c. 86; State ex rel. v. Patton, 271 Mo. 1. c. 559.

Nor can a judgment rendered by a court of competent jurisdiction be set aside in a collateral proceeding on account of mere irregularities or errors even where these appear of the face of the record. [15 R. C. L. p. 859; Smith v. Clausmeier, 136 Ind. supra; State ex rel. v. Brandhorst, 156 Mo. 457; Gould v. Sternberg, 128 Ill. 510; Hine v. Morse, 218 U. S. 493; Fauntleroy v. Lum, 210 U. S. 230; Johnson v. Realty Co., supra.]

Nor does the contention made by plaintiff that Curran & Curran did not represent him in his former suit in which he recovered damages against defendant, and which was paid to his guardian as above set out, and that said district court neglected to sign the judgment rendered, in anywise alter the situation. Both are effectually disproved by the recitals of the record and judgment in the cause.

As above pointed out plaintiff's attempted attack on the validity of the appointment of said guardian and upon said judgment are collateral, and cannot be maintained in

the present action, and it is our conclusion that defendant's peremptory instruction should have been given.

Let the case be reversed. *Railey* and *White, CC.*, concur.

PER CURIAM:—The foregoing opinion of MOZLEY, C., is hereby adopted as the opinion of the court. All of the judges concur.