## Denney & Company, Appellant, v. Southern Pacific Company, Appellee.

### Gen. No. 35,170.

Opinion filed October 19, 1931. Rehearing denied and opinion slightly modified November 2, 1931.

O'Connell, McGlinn & O'Gallagher, for appellant; Joseph M. Connery, Harry C. Barnes, J. V. De Laney, Leo N. McGlinn and Kieran P. O'Gallagher, of counsel.

John A. Sheean, for appellee.

Mr. Justice McSurely delivered the opinion of the court.

Plaintiff appeals from an adverse judgment entered upon a hearing of its suit by the court, claiming $495.10 as damages sustained by it on certain goods delivered

to defendant for transportation in interstate commerce. The shipment moved under a bill of lading which provided that suit must be instituted not later than two years and one day from the date the claims are declined. Suit was commenced within this period, but when the case was called for trial on December 5, 1929, plaintiff did not appear and the suit was dismissed for want of prosecution. In the meantime the period of limitations fixed by the bill of lading had expired. Plaintiff then sought to avail itself of the rights given by section 2 of the amendment to the Illinois Statute on Limitations, Cahill's St. ch. 83, ¶ 26. This gives the right to a plaintiff, under certain circumstances, one of which is a non-suit suffered by him, to commence a new suit within one year after the judgment against him. Plaintiff, pursuant to this statute, commenced a new suit on December 4, 1930, which was within one year from the date its suit was dismissed but was after the expiration of the two years and one-day limitation in the bill of lading.

The trial court sustained defendant's motion to strike the statement of claim and has certified to this court certain facts and a question of law. Both counsel have treated this as a correct statement of the record.

The question presented is whether, as defendant argues, the limitation period contained in the bill of lading is the final and only period within which plaintiff could bring suit, or whether plaintiff, having brought suit within this period which subsequently has been dismissed, is entitled after the bill of lading period of limitations has expired to avail itself of the additional one year within which to bring suit under section 2 of the amendment to the Illinois Limitations Act, Cahill's St. ch. 83, ¶ 26. Persuasive arguments may be made in favor of either construction, but we are of the opinion that the better reasoning favors the

construction contended for by defendant and that the trial court correctly sustained its motion to strike the statement of claim.

In *Adams Express Co. v. Croninger,* 226 U. S. 491, the court said with reference to the control by Congress of interstate traffic, that this control ''supersedes all the regulations and policies of a particular State upon the same subject. . . . It embraces the subject of the liability of the carrier under a bill of lading which he must issue and limits his power to exempt himself by rule, regulation or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it. Only the silence of Congress authorized the exercise of the police power of the state upon the subject of such contracts. But when Congress acted in such a way as to manifest a purpose to exercise its conceded authority, the regulating power of the State ceased to exist. (Citing cases.)

''To hold that the liability therein declared may be increased or diminished by local regulation or local views of public policy will either make the provision less than supreme or indicate that Congress has not shown a purpose to take possession of the subject. The first would be unthinkable and the latter would be to revert to the uncertainties and diversities of rulings which led to the amendment. The duty to issue a bill of lading and the liability thereby assumed are covered in full, and though there is no reference to the effect upon state regulation, it is evident that Congress intended to adopt a uniform rule and relieve such contracts from the diverse regulation to which they had been theretofore subject.''

In *Missouri, Kansas & Texas Ry. Co. v. Harriman Bros.,* 227 U. S. 657, the limitation as to the time to commence suit contained in the bill of lading was sus-

tained, the court saying that the reasonableness of the period of limitations is a federal question and "is withdrawn from the field of State law or legislation."

We are of the opinion that Congress has assumed exclusive control of the subject of shipments under interstate commerce and that the conditions named in the bill of lading are binding and exclusive of any State regulation. The very purpose of the federal legislation is to make the provisions regulating interstate commerce uniform without regard to local legislation upon the subject. To permit a shipper to bring suit under section 2 of the Illinois Limitations Act, Cahill's St. ch. 83, ¶ 26, after the period in the bill of lading had expired, would violate this rule of uniformity. The federal law makes no provision for the commencing of a new suit after the period of limitations contained in the bill of lading has expired.

The ruling of the trial court is proper and its judgment is affirmed.

*Affirmed.*

O'Connor, P. J., and Matchett, J., concur.