522

(No. 26390.—
JESSE W. MITCHELL, Appellee, *vs.* LOUISVILLE & NASH-
VILLE RAILROAD COMPANY, Appellant.

*Opinion filed March 16, 1942—Rehearing denied June 9, 1942.*

FARMER, KLINGEL & BALTZ, for appellant.

JOSEPH B. McGLYNN, (JOHN J. HOBAN, and CHARLES
P. NOELL, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Jesse W. Mitchell, brought an action in
the city court of East St. Louis to recover damages under
the Federal Employer's Liability act for injuries sustained
on July 3, 1938, near Covington, Kentucky, while employed
as a switchman by the defendant, the Louisville & Nash-
ville Railroad Company. A judgment for $32,400 in favor
of plaintiff was rendered on the jury's verdict. Upon ap-
peal, the Appellate Court for the Fourth District reversed
the judgment on the ground that the trial judge should
have directed a verdict for defendant because the record
contained no competent evidence tending to show that
plaintiff was engaged in interstate commerce at the time
he was injured. (305 Ill. App. 635.) We granted leave
to appeal, reversed the judgment of the Appellate Court,
and remanded the cause to that court, with directions to

consider the weight of the evidence and any other errors relied upon for reversal. (375 Ill. 545.) Thereafter, the Appellate Court affirmed the judgment of the city court. (310 Ill. App. 563.) Leave to appeal was granted the defendant, and the cause is before us a second time.

Subsequent to allowing an appeal, defendant has filed a motion to dismiss the suit for lack of jurisdiction of the subject matter, contending that since the cause of action arose in the Commonwealth of Kentucky, the city court of East St. Louis, a court of limited territorial jurisdiction, lacked jurisdiction of the subject matter of the suit. Upon a parallel factual situation in *Werner* v. *Illinois Central Railroad Co., post,* p. 559, we have decided that the city court of East St. Louis was without jurisdiction of the subject matter and, consequently, its judgment void and of no effect. Our disposition of the identical issue in the *Werner case* is controlling here.

The judgments of the Appellate Court and the city court are each reversed.

*Judgments reversed.*

Upon denial of petition for rehearing, June 9, 1942, the following additional opinion was filed:

Per CURIAM: After filing a petition for rehearing in this cause appellee filed a motion in the alternative in which he asks that in the event the petition for rehearing is denied the judgment order be modified remanding the cause to the city court. It is stated that he wishes to invoke the provisions of the act of 1891, as amended in 1935, (Ill. Rev. Stat. 1941, chap. 146, par. 36,) and ask for a change of venue to a court of competent jurisdiction. Such motion seeks to inject matters into the ruling of this court that were not presented to or passed upon by the trial court. The motion is denied.