(No. 27275.—

VICTOR J. HERB, Appellant, *vs.* NORMAN B. PITCAIRN *et al.,*
Receivers for Wabash Railway Company, Appellees.

*Opinion filed Sept. 24, 1943—Rehearing denied Nov. 12, 1943.*

238

McGLYNN & McGLYNN, MARK D. EAGLETON, and ROBERTS P. ELAM, for appellant.

WARNOCK, WILLIAMSON & BURROUGHS, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

The appeal in this case is taken by the plaintiff, Victor J. Herb, from the judgment of the circuit court of Madison county sustaining the defendants' motion to dismiss, and entering final judgment of dismissal in favor of defendants-appellees. Among the grounds urged before the circuit court as a basis for such dismissal was the unconstitutionality of a statute, as shown by the certificate of the trial judge, which would give us jurisdiction of the direct appeal, whether or not the case was decided upon that point. *Groome* v. *Freyn Engineering Co.* 374 Ill. 113.

The facts in the case are substantially as follows: The plaintiff was an employee of the receivers of the Wabash Railway Company, and December 22, 1937, commenced an action in the city court of Granite City, Illinois, against

the defendants stating a cause of action under the Federal Employers' Liability Act for injuries claimed to have been sustained in the city of Decatur, Illinois, November 23, 1936. The defendants answered denying the allegations of the complaint and setting up other defenses. The cause was tried in the city court in October, 1938, and resulted in a verdict in favor of the plaintiff, which was set aside upon a motion by the defendants for judgment notwithstanding the verdict.

The plaintiff appealed to the Appellate Court, where the cause was reversed and remanded, which action was affirmed by this court in *Herb* v. *Pitcairn,* 377 Ill. 405. After the cause had been redocketed, but before it was tried, the cases of *Werner* v. *Illinois Central Railroad Co.* 379 Ill. 559, and *Mitchell* v. *Louisville and Nashville Railroad Co.* 379 Ill. 522, were decided by this court, in which it was held and determined the city courts in Illinois were without jurisdiction to hear and determine the subject matter of any action, the cause of which arose outside of the territorial limits of the city court in which the action was pending. After learning of these decisions the plaintiff filed a motion in the city court of Granite City for a change of venue to the circuit court of Madison county, under the provisions of the statute purporting to authorize a change of venue of a suit commenced in the wrong court or county to the proper court or county, as in cases of change of venue. (Ill. Rev. Stat. 1941, chap. 146, par. 36.) The motion for change of venue was allowed by the city court and the venue ordered changed to the circuit court of Madison county, and on July 31, 1942, all of the pleadings and papers, and a certified transcript of all orders in said cause in the city court of Granite City were duly filed in the circuit court of Madison county, as on change of venue.

August 21, 1942, appellees filed in the circuit court of Madison county their motion to dismiss plaintiff's cause

for the following reasons: That since the city court of Granite City had no jurisdiction of the case because it appeared the cause of action accrued outside of the territorial limits of Granite City (1) all orders entered, and all proceedings had in the city court of Granite City, including the order changing the venue thereof, were void and of no effect; (2) that the statute authorizing a city court to change the venue of an action of which it has no jurisdiction to a court having jurisdiction is contrary to section 1 of article VI of the constitution, and therefore void; and (3) said cause having been transferred on change of venue on July 17, 1942, more than two years after the date of the injury, November 23, 1936, the plaintiff could not maintain his action because it had not been commenced within two years from the date of his injury in a court having jurisdiction to hear and determine the same.

The circuit court of Madison county sustained the motion of appellees to dismiss plaintiff's suit, and November 27, 1942, entered judgment that the plaintiff take nothing, and that the defendants recover costs. After the entry of judgment the judge of the circuit court signed a certificate that there was involved in the said final order and judgment the construction of the constitutions of the State of Illinois and of the United States, and the validity of a statute, (Ill. Rev. Stat. 1941, chap. 146, par. 36,) and also the validity, construction and application of a Federal statute, viz., section 6 of the Federal Employers' Liability Act as amended. Section 56, Title 45, U. S. C. A. 1941.

The material point for consideration is whether the plaintiff has commenced an action within two years of the date of his injury in a court having jurisdiction to hear and determine the same, as required by section 6 of the Federal Employers' Liability Act, by transferring the cause from a court having no jurisdiction over it at a date

which, if then originally filed in the latter court, could not be maintained because not filed within the statutory time. The question involved relates to the effect of the proceedings had in a court wholly incompetent to render a valid judgment, because if the judgment to be rendered would be void it necessarily follows the preliminary proceedings of the court, necessary to rendition of judgment, must likewise be void. If the court has no jurisdiction of the subject matter for judgment there can be no jurisdiction giving effect to process or pleadings. If judgment had been entered in the city court it would have been absolutely void. (*Werner* v. *Illinois Central Railroad Co.* 379 Ill. 559; *Mitchell* v. *Louisville and Nashville Railroad Co.* 379 Ill. 522.) The act of a tribunal beyond its jurisdiction is null and void whether without its territorial jurisdiction or beyond its powers. (*Welton* v. *Hamilton,* 344 Ill. 82.) A judgment void upon its face and requiring only an inspection of the record to demonstrate its invalidity is a mere nullity, in legal effect no judgment at all, conferring no right and affording no justification. (*Voorhees* v. *Bank of the United States,* 10 Pet. 475, 9 L. ed. 501.) Nothing can be acquired or lost by it; it neither bestows nor extinguishes any right. (*Johnson* v. *Carroll,* 190 Ky. 689, 228 S. W. 412; *Abernathy* v. *Missouri Pacific Railway Co.* 287 Mo. 30, 228 S. W. 486.) It can be attacked at any time, even in the first instant on appeal. (*Campbell* v. *Porter,* 162 U. S. 478, 40 L. ed. 1944; *Perez* v. *Fernandez,* 202 U. S. 80, 50 L. ed. 942.) And it may not be validated either by waiver or consent. (*Windsor* v. *McVeigh,* 93 U. S. 274, 23 L. ed. 914.) Where there is a want of authority over the subject matter the judgment is open to successful impeachment, if such fact is made to appear from the face of the record or by matters *dehors,* where extraneous evidence is receivable for the purpose. *Armstrong* v. *Obucino,* 300 Ill. 140; *Rabbitt* v. *Weber & Co.* 297 Ill. 491.

It is the element of jurisdiction that differentiates a void from a voidable judgment; both the subject matter and the parties must be before the court, and jurisdiction of the one without the other will not suffice; the two must concur or the judgment will be void in any case in which the court assumes to act. (*Rabbitt* v. *Weber & Co.* 297 Ill. 491.) And we have further held that even a court of general jurisdiction has no power to do any act or render any judgment affecting persons or property, unless the particular act or judgment is brought within its jurisdiction according to law. (*People ex rel. Brundage* v. *Righeimer*, 298 Ill. 611.) These are general principles upon which substantially all courts are in agreement.

Applying now these principles to the facts before us we observe recovery under the Federal Employers' Liability Act is conditioned upon two things: (1) commencing an action within two years from the date of the injury; and (2) commencing such action in a court having jurisdiction to hear and determine the same. It has been held by the Federal authorities that section 6 of the Federal Employers' Liability Act is not a statute of limitations pertaining to the remedy, but is a condition of liability constituting a substantial part of the right created. (*Central Vermont Railway Co.* v. *White*, 238 U. S. 507, 59 L. ed. 1433; *Phillips* v. *Grand Trunk Railway Co.* 236 U. S. 662, 59 L. ed. 774; *Bell* v. *Wabash Railway Co.* 58 Fed. (2) 569; *Atlantic Coast Line Railway Co.* v. *Burnette*, 239 U. S. 199, 60 L. ed. 226.) The plaintiff having predicated his case upon the Federal Employers' Liability Act must comply with its provisions, both with respect to the time of commencing the suit and of bringing it in a court having jurisdiction to hear and determine it.

While the appellant does not precisely so state, apparently it is his contention that, having begun the suit in a court without jurisdiction of the subject matter but

having changed the venue thereof and transferred it to one that would have jurisdiction, the date of the transfer to the latter court would relate back to the time of filing it in the court not having jurisdiction, thus giving the order changing the venue the effect of having a case continuously pending in the court of proper jurisdiction from the time the action was commenced in the one not having it. The fallacy of this argument rests in the fact that it becomes necessary to give validity to proceedings in a court, the judgment of which, if rendered upon such proceedings, would be wholly void. If the ultimate object to be obtained in a suit at law, *viz.*, a judgment, is utterly void, it is difficult to understand how any of the preliminaries to such a judgment, such as summons, pleadings, interlocutory orders and the like have any effect, when the result, had such proceeding been concluded in the first court, would have been a nullity.

A case in point is illustrated by the facts in *Crowley v. Southern Railway Co.* 139 Fed. 851. The Alabama legislature had attempted to create a circuit court with different divisions, but the act creating it was held unconstitutional in *Ex rel. Birmingham and Atlanta Railway Co.* 42 So. 118. In the *Crowley case* the cause of action was claimed to be saved because a summons had been issued out of such illegal division of the circuit court, but in commenting upon the effect of this summons the court said: "The act constituting the southern division of the circuit court of St. Clair county at Pell City being unconstitutional, there was no authority for filing the summons and complaint with Smith or anybody else at Pell City. The issue of the summons to appear before a court or at a time not authorized by law was a nullity, and so was the service of the summons. What was done in this matter at Pell City was as ineffectual to constitute a 'suit' in the real circuit court of St. Clair county as if the plaintiff had filed the summons and complaint with

some merchant at Pell City and procured him to hand them to the defendants." In substance the same has been held in *Inter-Southern Life Insurance Co.* v. *Pierce,* 31 S. W. (2) 692; *Willing* v. *Provident Trust Co.* 21 Fed. Supp. 237; *Manning* v. *Ketchem,* 58 Fed. (2) 948, and stated in the text of Cor. Jur. Sec. Vol. 21, pages 177 and 178. And in *Vincent* v. *McElvain,* 304 Ill. 160, at 163, it is said a suit or action is commenced when the party puts in motion, under his claim, the instruments of a court of general jurisdiction.

When the present suit was filed in the city court of Granite City the defendants could have disregarded the summons, and judgment rendered in such court would have been without effect and no justification for seizing defendants' property on execution. Yet, if appellant's contention is sustained, a valid judgment could be obtained by transferring the cause to the proper court upon a summons or notice that defendants could safely disregard when served upon them. This would give the order of transfer by the city court the effect of vitalizing process that was void and considering a case commenced and pending in a proper court during a period when, in legal contemplation, no judicial control of defendants had yet been exercised.

Conceding, but not deciding, that in proper cases a court without jurisdiction of the subject matter could by statute be authorized to transfer its proceedings to a court having juridiction, still the condition that the action be commenced within two years is not met. A like situation has been presented under statutes extending time for bringing suit where an action has been commenced but the plaintiff nonsuited, as illustrated by section 24 of the Limitations Act. (Ill. Rev. Stat. 1941, chap. 83, par. 24a.) Under the conditions present in this case it has been held such statutes cannot recreate a right given under a Federal statute that has ceased to exist by the terms of the

(Federal) statute. (*Bell* v. *Wabash Railway Co.* 58 Fed. (2) 571; *Denny & Co.* v. *Southern Pacific Co.* 263 Ill. App. 106; *Sweet* v. *Chattanooga Elec Lt. Co.* (Tenn.) 36 S. W. 1090; *Gulf, O. & F. S. Railway Co.* v. *Gordon,* 218 S. W. (Texas) 74; *Fidelity Trust Co.* v. *Gill Car Co.* 25 Fed. 737.) In the last case the language used covers precisely the present situation when it is said: "Not only must there be a controversy, but as well always a form of procedure of some kind, possessing all the necessary elements of a 'suit' or 'case' in court, the most important of which is, no doubt, that there shall be a tribunal authorized to issue that indispensable notice which we call a writ of process, to bring the parties together in court; and this must be not only sufficient in form and in fact, but in legal and technical effect, to constitute a 'suit' or 'case' which can only be when the tribunal undertaking the initiatory steps is duly authorized to do that thing and to proceed with the matter of adjudging between the parties. * * * There must be *ex necessitate rei,* a court having power to set in motion the machinery of the law, and this we call its jurisdiction over the subject matter."

Appellant calls our attention to *Central Illinois Public Service Co.* v. *Industrial Com.* 293 Ill. 62, as supporting his claim that the want of jurisdiction of the Granite City city court did not prevent its properly being in the circuit court of Madison county for all purposes. In that case we held the venue statute in Illinois, as applying to a circuit court having no jurisdiction over the subject matter, has no other purpose than to authorize a transfer to another circuit court which had, but does not affect any of the other rights of the parties. This case was so interpreted in *Gill* v. *Lynch,* 367 Ill. 203. In the case last cited a receiver had been appointed in the county court under the so-called Skarda Act. (Laws of 1933, p. 874.) The act was later held unconstitutional. A petition was

then filed to transfer the venue of the case to the circuit court. The question arose as to the effect of the appointment of the receiver in the county court after the case had been transferred to the circuit court. The question presented for decision was set out as follows: "The question in the case is whether or not the appointment of a receiver for real estate by a county court having no jurisdiction of the subject matter, is validated by a subsequent transfer of the cause to the proper court, under the provisions of the statutes relating to venue." The circuit court held the plaintiff, county treasurer, could not recover anything held by his predecessor in office as receiver under appointment by the county court because the proceeding was absolutely void. In affirming that decision we held that the appointment of a receiver in the county court and all subsequent orders, except the one transferring the cause, were void. And among other things we said: "The effect of proceedings in courts having jurisdiction of the subject matter is not material here. Principles applicable to such cases have no bearing where the court has no jurisdiction to entertain the cause. It is a cardinal principle of the law that void proceedings are without any force or effect, and are always subject to attack, either directly or collaterally. Neither section 16, nor the act of 1891, contains any provision that, by the most liberal interpretation, can be construed as validating void judgments or proceedings." The distinction to be drawn is that if a case is improperly filed in a court having jurisdiction of the cause generally but without its territorial jurisdiction, it may be transferred to the proper circuit court. But, if the cause is filed in a court which could never lawfully acquire jurisdiction, the transfer to a court which would have had jurisdiction gives no validity to the proceedings in the first court. We think the interpretation of the venue statute in the *Gill case* conclusively is against appellant.

It is clear a suit was not commenced by filing the present suit in the city court of Granite City, or by issuing summons or filing a complaint. Lacking requisite jurisdiction because of the provisions of the constitution limiting it to cases arising within the limits of the city, such court was wholly incompetent to render any judgment or to authorize any proceedings which would result in a judgment. When the case was transferred to the circuit court of Madison county, some five years after the date of the accident, by the filing of the transcript of orders entered in the city court, and the pleadings and other documents, there was no commencement of a suit, but only the receipt of papers from a court in which it was impossible to commence one because of its lack of jurisdiction. To hold the suit was started in the circuit court at the time when it was attempted to be commenced in the city court is not only to decide something which is obviously not the fact, but also to give effect to the proceedings in another court, which up to that time must be considered as a nullity. To so hold would in effect revive a cause of action already barred by limitations and deprive the defendant of a vested right. Cooley's Constitutional Limitations, p. 448.

In this case jurisdiction of the suit was wholly lacking until July 31, 1942 (if we consider the change-of-venue act valid), and at this time the condition imposed upon the plaintiff with respect to bringing his suit had expired by lapse of time. This determination makes it unnecessary to pass upon either the constitutional question involved or the validity of the change-of-venue statute.

It is our conclusion the judgment of the circuit court of Madison county in dismissing the suit and entering judgment against the appellant was correct, and its judgment is accordingly affirmed. *Judgment affirmed.*