(Nos. 27275, 27276.—

VICTOR J. HERB, Appellant, *vs.* NORMAN B. PITCAIRN *et al.*, , Receivers for Wabash Railway Company, Appellees.— BENJAMIN F. BELCHER, Appellant, *vs.* LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Appellee.

*Opinion filed November 21, 1945—Rehearing denied Jan. 17, 1946.*

McGLYNN & McGLYNN, of East St. Louis, and MARK D. EAGLETON, and ROBERTS P. ELAM, both of St. Louis, Mo., for appellants.

J. A. McCLAIN, JR., and J. H. MILLER, both of St. Louis, Mo., GEORGE D. BURROUGHS, of Edwardsville, BRUCE A. CAMPBELL, of East St. Louis, HAROLD BALTZ, of Belleville, and WALTON WHITWELL, of Nashville, Tenn., for appellees.

Mr. Justice Gunn delivered the opinion of the court:

The cases above entitled are before this court for a second time upon remandment from the Supreme Court of the United States in accordance with that court's opinion in 89 L. ed. 931. The facts in *Herb* v. *Pitcairn,* appear in the reported decision of this court in 384 Ill. 237, and in *Belcher* v. *Louisville and Nashville Railroad Co.* in 384 Ill. 281. It is unnecessary to restate them, as they fully appear in our opinions in each of the two cases.

In the *Herb case* the only point decided by this court was that the city court of Granite City had no jurisdiction of a cause of action arising outside of the territorial limits of the city under the Employers' Liability Act, (U.S.C.A. Title 45, sec. 56,) and, therefore, such a case transferred to the circuit court of Madison county under the statute on venue (Ill. Rev. Stat. 1941, chap. 146, par. 36,) was ineffective to show the action had been commenced in a court of competent jurisdiction within two years, as required by the Employers' Liability Act. We expressly declined to pass upon other points raised by appellants in these cases now here for decision. The *Belcher case* upon parallel facts in effect adopted the opinion in the *Herb case.*

Upon appeal to the Supreme Court of the United States, that court held, as we understand it, that determining whether the action had been commenced within two years, as required by the Employers' Liability Act, involved a Federal question, but further expressed the view that sufficient did not appear in our opinion to enable them to tell whether we had decided *no case was pending at the time of the transfer,* or to determine whether our decision was based upon independent State law, and the cause was thereupon continued for the purpose of enabling counsel for plaintiff to apply to this court for an amendment or amplification of this court's opinion to show whether the judgment therein was intended to rest upon an adequate

independent State ground, or whether the decision of the Federal question was necessary to the judgment rendered.

Upon application of attorneys for plaintiff we made an amplification or expansion of the original opinion in which we certified we had held the city court of Granite City had no jurisdiction of the cause of action under Illinois law, and that commencing an action meant starting it in a court which has power to decide the matter, to issue process, to bring the parties in the particular cause before it, and to render and enforce a judgment on the merits of said cause; that the city court of Granite City had no such power, and consequently, from December 22, 1937, when the case was filed, until June 27, 1942, when it was purportedly transferred to the circuit court, the action had never been commenced, and that the order of transfer did not have the effect of causing the time of commencement to relate back to the filing of the cause in the city court, and consequently the action was never commenced, as required by the Federal act, within two years of the date of the plaintiff's injury. (Announcement made March 21, 1945, *post*, p. 151.) Upon this certificate being filed in the Supreme Court of the United States, a second opinion was rendered, reported in 89 L. ed. 931, in which it was in substance held that under the Federal Employers' Liability Act an action is commenced when instituted by service of process issued out of a State court, even if that court itself is unable to proceed to judgment, if the State law or practice directs or permits the transfer through change of venue, or otherwise, to a court which does have jurisdiction to hear, try, and otherwise determine that cause, and remanded the cause to this court for further proceedings.

In the first consideration of the case the United States Supreme Court, among other things, said: "If the Illinois court means to hold that the city courts could not adjudge, transfer, or begin these cases and that no case is pending

in its courts at the present time, it is manifest that no view we might express of the Federal Act would require its courts to proceed to the trial of these actions." In the second opinion, among other things, the court said: "Clearly, however, when process has been adequate to bring in the parties and to start the case on a course of judicial handling which may lead to final judgment without issuance of new initial process, it is enough to commence the action within the Federal statute." In this opinion the court also stated it was not deciding whether the action would be barred if State law made new or supplemental process necessary to proceed in the circuit court of Madison county.

There is thus left undetermined by the Supreme Court of the United States two questions: (1) Whether under Illinois law city courts were incapable of transferring these cases to the circuit courts, so that at no time were the cases ever pending in the circuit courts; and (2) if such cases were pending, whether new or supplemental process must necessarily be issued out of the circuit courts.

Both of these questions were raised in the original appeal from the Madison county circuit court to this court, and neither of them decided by us, as we expressed in our former opinion, and if there is any language from which it may be inferred such questions were decided it is used solely with reference to the jurisdiction of the city court of Granite City, and not intended for any other purpose.

The question thus becomes comparatively narrow, and that is, whether the statute of the State of Illinois, (Ill. Rev. Stat. 1943, chap. 146, par. 36,) which purports to authorize, upon motion, a change of venue, from any court of record, of a cause commenced in the wrong court or county, to the proper court or county, is unconstitutional to the extent of its application to city courts, as courts of limited territorial jurisdiction. The material part of this statute is as follows: "That whenever any suit or pro-

ceeding shall hereafter be commenced, in any court of record in this state, and it shall appear to the court where the same is pending, that the same has been commenced in the wrong court or county, then upon motion of either or any of the parties to such suit or proceeding, the court shall change the venue of such suit or proceeding to the proper court or county, and the same when the venue shall be so changed, shall be then pending and triable in such court or county to which the same shall be so changed the same as in other cases of change of venue." The contention of appellees is that if such statute is given effect in the present case it would produce the unconstitutional effect of permitting the city court, while without jurisdiction of the cause of action, to transfer it to the circuit court, which has jurisdiction of such a cause of action; and the reason assigned is that the city court, not having jurisdiction of the cause of action, could not possibly have jurisdiction to transfer the cause of action.

This statute has been before this court on two occasions. In *Central Illinois Public Service Co.* v. *Industrial Com.* 293 Ill. 62, it was applied in transferring a case from one circuit court, which had no jurisdiction of either subject matter or person, to another circuit court of the proper jurisdiction. In that case a proceeding was commenced in the circuit court of Coles county and a motion was made to dismiss on the ground that, under the applicable statute, the circuit court of Coles county had no jurisdiction because the defendant was not a resident of that county. The proceeding was quashed, but this was later set aside, and some six months or more later, on a cross motion, a change of venue to the circuit court of Champaign county, the residence of the defendant, was allowed by virtue of the same venue statute. At that time the period within which the proceeding could be filed in Champaign county had elapsed. It was contended the statute did not apply to cases where the court in which a suit is

commenced did not have jurisdiction of the subject matter. That is almost the same contention made here. We said, however, "it is evident * * * the legislature intended to reach those cases begun in courts not having jurisdiction of the subject matter as well as those where jurisdiction of the parties, alone, is lacking. * * * By this act it is evident that the legislature intended to and did confer on all courts of record in this State, without regard to any other jurisdiction either conferred upon or denied it by common law or statute, jurisdiction to 'change the venue of such suit or proceeding to the proper court or county.'" We then said it could not be doubted that the power to confer such limited jurisdiction lies within the power of the legislature, and while the circuit court of Coles county had no jurisdiction of the subject matter for any other purpose than as defined by that section of the statute, and could enter no order affecting the rights of the parties, that court was empowered to transfer the cause to the proper county, and from then on the cause was pending in the circuit court of Champaign county. The case is precisely in point here if it does not impinge upon the statutory and constitutional limitation of jurisdiction of city courts to causes of action arising within the territory of the city. Appellant claims it does not, and appellee contends it does.

Section 1 of article VI of the constitution defines where the judicial power is vested, and, among other courts, includes "such courts as may be created by law in and for cities and incorporated towns." This part of section 1 of article VI has been interpreted to confine the power of city courts to cases arising within their territorial limits, for the simple reason that if their jurisdiction is wider than that, it would not be "in and for" a city. City courts have a limited territorial jurisdiction by reason of the statute (Laws of 1901, p. 136,) and such section of the constitution, but their powers are almost as extensive as those of

circuit courts, which have original jurisdiction of all cases in law and equity, only by reason of the express language of the constitution.

The jurisdiction of circuit courts, by reason of section 12 of article VI, is original and extends to all causes in law and equity, but the General Assembly has properly enacted laws pertaining to the venue of such courts. Section 18 of article VI provides for county courts, which are given certain jurisdiction and "such other jurisdiction as may be provided for by general law." Probate courts may be established under section 20 of article VI of the constitution, but their jurisdiction is limited to the matters set out in the constitution. *First State Bank of Steger* v. *Chicago Title and Trust Co.* 302 Ill. 77.

While it is commonly said the legislature derives its powers to create courts from article VI of the constitution, this statement is technically inaccurate, as under our system of government the General Assembly is vested with all legislative powers not withheld or limited. The constitution is not a grant of power to the legislature, but is a limitation upon its inherent powers, and it may legislate upon any subject not withdrawn from its authority. (*City of Chicago* v. *County of Cook,* 370 Ill. 301; *Hunt* v. *Rosenbaum Grain Corp.* 355 Ill. 504.) Thus, in *Bowers* v. *Glos,* 346 Ill. 623, and *People ex rel. Rusch* v. *White,* 334 Ill. 465, we held that by virtue of such words in the constitution pertaining to county courts, the legislature is authorized to give county courts jurisdiction over any matter, either in law or equity, which it sees fit to confer. In other words, by the addition of such words to section 18 of article VI a limitation was not placed upon the General Assembly restricting it from giving additional jurisdiction to county courts over subjects mentioned therein. In the *Central Illinois Public Service Co. case* we held a court of general jurisdiction may have conferred upon it by statute a special statutory jurisdiction not arising out of

its general jurisdiction and something apart from it. In such case its jurisdiction is special, and its proceedings and judgments are treated as the judgments and proceedings of courts of special jurisdiction, and when the court is in the exercise of special jurisdiction that jurisdiction is limited to the language of the act conferring it. See, also, *Calkins* v. *Calkins*, 229 Ill. 68.

Jurisdiction is of two kinds—jurisdiction of the subject matter, and of the person,—and both must concur, or the judgment will be void in any case in which a court has assumed to act. (*Rabbitt* v. *Weber & Co.* 297 Ill. 491.) This statement is made with reference to the general jurisdiction vested in the court, and applies to special jurisdiction only to the extent the court exceeds the special jurisdiction granted.

Referring back to section 1 of article VI we find the constitution authorizes the General Assembly to create courts "in and for cities." The constitution limits its territory. There is no limit, under this section, of the jurisdiction that may be vested by the legislature in city courts within such territory. Therefore, while a city court has been denominated an inferior court, (*Reid* v. *Morton*, 119 Ill. 118,) because it does not have the territorial jurisdiction of a circuit court, nor the powers of the Supreme Court, yet, within its territorial jurisdiction it is a court of general jurisdiction because it may be invested with any jurisdiction the General Assembly sees fit to give it within the prescribed territory. (*Cullen* v. *Stevens*, 389 Ill. 35.) The venue statute (chap. 146, par. 36,) applies to all courts of record. A city court is a court of record. This statute authorizes such court, upon discovery that a case therein has been brought in the wrong court or county, to change the venue, and when the same is changed *it is pending in the court* to which it has been transferred. The order making the transfer causes its jurisdiction to cease, and that of the other court to attach by operation of law, and

the sending of the papers to the latter court is a mere ministerial act of the clerk. (*Goodhue* v. *People*, 94 Ill. 37.) The transfer of a case upon motion is the exercise of judicial power, and that judicial power is exercised within the territory over which a city court has jurisdiction.

In *Reid* v. *Morton*, 119 Ill. 118, it was held the exercise of powers by a city court under the provisions of the constitution of 1848 were only those which were judicial in their nature, and that the legislature could authorize the city court to order a guardian to sell land outside of the city when the ward resided within the city. Section 1 of article V of the constitution of 1848 was almost identical with the present constitution in providing for city courts, and the General Assembly had, at the time the *Reid case* was decided, authorized guardians to sell the real estate of their wards under certain conditions.

In *Miller* v. *People*, 183 Ill. 423, it was held a grand jury to act in the city court could not be selected from the city alone, but, under the Jury Act, must be selected from the entire county. When the question was raised that this amounted to extending jurisdiction of the city court into territory beyond the city limits, we said: "authorizing the board of supervisors to select a grand jury for the city court of East St. Louis, adds no territory to the jurisdiction of that court, nor does it have any bearing on the issuance and service of a summons beyond the city limits. A grand jury may be regarded as a part of the machinery necessary to be used in the criminal practice in the courts, but its selection is not a matter affecting the jurisdiction of the court. The power and mode of selection are extended by the legislature to the board of supervisors, and it must be selected in the manner provided by law, but its selection cannot add to or detract from the jurisdiction of the city court." The same may be said with respect to changing the venue of a case from one court to another. Changing the venue, paraphrasing language of the *Miller*

*case,* adds no territory to the jurisdiction of the city court, and may be regarded as machinery to be used in the courts, but its use does not affect the jurisdiction of the court.

In *Gill* v. *Lynch,* 367 Ill. 203, the question involved was whether the appointment of a receiver by a county court having no jurisdiction of the subject matter, was validated by a subsequent transfer to the proper court under the provisions of this statute. (par. 36.) We had previously held the appointment of receivers by county courts, under the Skarda Act, was void, (*McDonough* v. *Gage,* 357 Ill. 466; *People ex rel. First of Englewood Bond and Mortgage Corp.* v. *Jarecki,* 357 Ill. 475,) and consequently was incapable of being validated. We commented upon the effect of the venue statute, saying: "These holdings conclusively demonstrate that the county court had no jurisdiction to hear a petition for appointment of a receiver or for any purpose except to transfer the cause to the proper court. The appointments, and all subsequent orders, except that transferring the cause, being void, the cause therefore went to the circuit court with the petitions for appointment of a receiver still pending and undetermined."

As late as *McFarlin* v. *McFarlin,* 384 Ill. 428, we held that a city court could entertain a divorce proceeding where the plaintiff lived in the county, provided the cause of action arose within the territorial limits of the city, without extending the jurisdiction of the city court. It will be observed that in both *Central Illinois Public Service Co.* v. *Industrial Com.* 293 Ill. 62, and *Gill* v. *Lynch,* 367 203, except for the venue statute, the court in which the proceeding was filed was without any jurisdiction to hear and determine the case. The transfer statute was held effective for the purpose of transferring the cause, and the *Central Illinois Public. Service Co. case* holds that, from the time of the transfer forward *it was pending* in the transferee court.

It seems, therefore, the want of jurisdiction in the first instance does not prevent the court from exercising the sole function of transferring the cause to another court. It is a special and limited jurisdiction given for this purpose, and must be exercised for that purpose and for no other purpose. We have said it applies to circuit courts and to county courts, and no reason has been pointed out why it does not apply to city courts. It is true the jurisdiction involved in the city court in this case is territorial, but the effect of such want of jurisdiction is the same as the want of jurisdiction of the subject matter or of the person—that is, the court cannot proceed and render a valid judgment. Such would have been the effect in the two cases above had it not been for the venue statute.

There seems to be no question but that the jurisdiction of the city court within the territory may be controlled entirely by the General Assembly. Its jurisdiction is almost the equivalent of that of circuit courts. It is authorized and permitted to change the venue in cases over which it admittedly has jurisdiction. (Ill. Rev. Stat. 1943, chap. 37, par. 346.) Its practice and procedure is the same as that of circuit courts. (Chap. 37, par. 333.) Granting to city courts the power to transfer the venue of a case to another court does not extend their jurisdiction over any additional territory, and it is a judicial function; its purpose is a beneficent one in preventing the loss of rights through inadvertence or mistake. It constitutes a limited jurisdiction which the General Assembly could confer upon a city court without extending its territorial jurisdiction, the same as given circuit and county courts when they act beyond their respective jurisdictions.

The other point upon which it is claimed the statute has an unconstitutional effect, *viz:* that it does not require the issuance of new process, requires little attention. The matter of the issuance and service of process has always been within the province of the General Assembly, subject

to the provision that parties must be given due process of law. The venue statute provides that when the parties are found to be in the wrong court, upon transfer being made in accordance with the statute in question, the cause "shall be then pending and triable in such court or county to which the same shall be so changed the same as in other cases of change of venue." The general statute with respect to change of venue (Ill. Rev. Stat. 1943, chap. 146, pars. 15-16,) does not require new service of process, and since we have held the power granted for such changes of venue is a limited jurisdiction to transfer only, we cannot perceive why the effect of changing the venue under the statute in question should be different than in other changes of venue, where the only requirement to give jurisdiction to the transferee court is a transcript of the record and the docketing of the cause. Appellees have not pointed out any valid reason for the distinction.

Some comment is made in the briefs of the respective parties as to what was said in *Herb* v. *Pitcairn,* 384 Ill. 237, as applying to the points made in this case. What was said there was in relation to what constituted *commencement* of a cause of action in a court of *competent jurisdiction,* as the term was used in the Federal Employers' Liability Act. The question of the competency of the city court to hear that particular case, where the cause of action arose outside of its territorial jurisdiction, had been previously decided in the cases of *Werner* v. *Illinois Central Railroad Co.* 379 Ill. 559, and *Mitchell* v. *Louisville & Nashville Railroad Co.* 379 Ill. 522. The *Herb case* had particular reference to whether the case had been *commenced* when the court had no jurisdiction to hear it, and we expressly disclaimed any intention of passing upon the other points made, being those discussed in this case. If, therefore, there is any language in the *Herb case* which apparently bears upon the questions we are deciding here it was inadvertently used. The Supreme Court of the

United States has construed the language "commencing," and "court having jurisdiction to hear the same," occurring in the Employers' Liability Act, differently than we did in the *Herb case,* so that little remains that would be pertinent to the points discussed in this appeal.

Under substantially the same facts we reached the same result in the *Belcher case,* which was transferred from the city court of East St. Louis to the circuit court of St. Clair county.

In No. 27275, the judgment of the circuit court of Madison county is reversed and the cause remanded, with directions to overrule the motion to quash the service and to set aside the order dismissing the case. In No. 27276, the judgment of the circuit court of St. Clair county is reversed and the cause remanded, with directions to overrule the motion to quash service, and to set aside the order dismissing the case.

*Reversed and remanded, with directions.*