WALTER S. COVILL *et al.,* Plaintiffs in Error, *v.* ADAM PHY, Defendant in Error.

ERROR TO AURORA CITY COURT.

The Common Pleas Court of the city of Aurora, has not jurisdiction to send original process beyond the city limits, nor could the power be constitutionally granted. It is otherwise as to final process.

THIS was an action against the defendants, for trespass to personal property, damages, $500, directed to the sheriff of Kane county. Returned served same day.

The first count of the declaration avers that the defendants, on the 23rd day of August, A. D. 1859, and on divers other days, etc., with force and arms, etc., at Montgomery, to wit, at the city of Aurora, county of Kane, aforesaid, took and carried

away forty gallons of whisky, of the value of $500, then and there being found, and converted and disposed of the same, etc.

Second count for carrying away like goods and chattels, etc. Damages, $500.

A plea in abatement was filed as follows :

Defendants, in their own proper person, etc., say that the said supposed causes of action, each and every of them, if any such have accrued to the said Adam Phy, accrued out of the jurisdiction of this court, to wit, out of the city of Aurora, at the town of Montgomery, in the county of Kane, and State of Illinois ; that the plaintiff, at the time of commencing the suit, was not and is not now a resident of said city of Aurora ; that the defendants, or either of them, did not reside in the said city of Aurora at the time of the commencement of this suit, but resided in the town of Montgomery, and service of process was made on them and each of them, in the town of Montgomery aforesaid, and not in the city of Aurora ; and that the trespasses mentioned in the plaintiff's declaration, if any such were committed, were committed in the town of Montgomery, and not in the city of Aurora ; and this the defendants are ready to verify, etc. Plea signed by all the defendants ; verified by the affidavit of F. G. Bradley, one of the defendants.

A general demurrer to this plea in abatement, was filed by plaintiff, and sustained.

Other pleas were filed, upon which there was an issue, and a trial by jury.

The jury then rendered a verdict of $2.75 in favor of plaintiff against defendant Covill, upon which verdict the court rendered judgment.

Motion for new trial overruled by the court.

B. C. Cook, and W. B. Plato, for Plaintiffs in Error.

C. J. Metzner, for Defendant in Error.

Walker, J. The question presented by this record, is, whether the Court of Common Pleas, of the city of Aurora, has the jurisdiction to send mesne process beyond the city limits? This depends upon the statute, by which the court was organized. By the first section (Special Laws, 1857, p. 392,) it is enacted, that the court shall have concurrent jurisdiction within the city of Aurora with the Circuit Court, in all civil and criminal cases, except treason and murder. It also confers upon the court, the judge and the clerk, the same powers, authority and jurisdiction, to perform the same duties as the Circuit Court, the judge and clerk thereof, in relation to all matters, suits,

prosecutions and proceedings within the city, so far as the same are not otherwise limited by the act. There can be no reasonable pretense that this section has conferred any such authority, as all of these provisions are in express terms limited to the city. By no rule of construction, can the power contended for be derived from this section, nor had the legislature constitutional power to extend the jurisdiction of the court, beyond the city limits. *The People, etc.,* v. *Evans,* 18 Ill. 361.

But it is urged, that the fourth section does confer the power. It provides that the process shall be " issued and executed in the same manner as process from the Circuit Court of said county of Kane." What is the manner of issuing and executing process from the Circuit Court? It is under the seal of the court, signed by the clerk, and must be read to the defendant, if a summons, by the sheriff. It does not provide 'that it may be sent beyond the jurisdictional limits of the court, in the same cases authorized by the practice act, and in nowise enlarges the power conferred by the first section. It only directs the manner of issuing and executing process within the city. The first section having in terms limited the jurisdiction to the city, it must control, unless this subsequent provision has either in terms or by implication made a different provision. And as the latter is not repugnant to the former section, no such enlargement has been made by implication, nor has it been done by express language. Whilst this is true of original process, it is not so of final process.

We are therefore of the opinion, that the court has no authority to send its original process beyond the limits of the city, and that the summons in this case, as well as the service, was unauthorized and void. It therefore follows, that the court erred in sustaining the demurrer to the plea. It should have been overruled, and for that error the judgment is reversed and the cause remanded.

*Judgment reversed.*