(No. 22399.— )

THE PEOPLE *ex rel.* First of Englewood Bond and Mortgage Corporation, Petitioner, *vs.* EDMUND K. JARECKI, Judge, Respondent.

*Opinion filed June 20, 1934—Rehearing denied October 24, 1934.*

STONE, ORR and HERRICK, JJ., dissenting.

DANIEL W. WENTWORTH, LEONARD F. CARMODY, MARY V. DRAPER, JOE A. PEARCE, ROBERT F. DEWEY, and LEON WEIS, for petitioner.

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, ROBERT S. CUSHMAN, JACOB SHAMBERG, and WILLIAM P. KEARNEY, of counsel,) for respondent.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This is an original petition for *mandamus* filed by leave of this court. The prayer of the petition is that the writ issue and that the respondent, as judge of the county court of Cook county, be directed to expunge void orders entered by him in that court in the case of McDonough *vs.* First of Englewood Bond and Mortgage Corp. (No. 73400) in the county court of Cook county.

*Mandamus* will lie to expunge an order entered by a court without jurisdiction. There is no force in the contention of the respondent that only a moot question remains since the receiver was discharged, without objection, by the order entered in the county court of Cook county on January 25, 1934. By the same order certain allowances were made to the receiver out of rents collected by him from petitioner's real estate.

The question of the jurisdiction of a county court to appoint the county treasurer, who is *ex-officio* county collector, as receiver under "An act for the assessment of property and for the levy and collection of taxes," approved March 30, 1872, as amended, (which amendment was approved on April 28, 1933, and is known as the Skarda act,) was decided by us in *McDonough* v. *Gage,* (*ante,* p. 466.) What was there said is controlling here. For the reasons there stated the respondent was without jurisdiction to enter the orders appointing the receiver, and was also without jurisdiction to enter the orders approving his report or to make allowance of costs and charges out of the rents collected by him from the real estate of petitioner.

The prayer of the petition is therefore granted and the writ is awarded. The constitutional question raised need not be considered.

*Writ awarded.*

STONE, ORR and HERRICK, JJ., dissenting.