(No. 31539.—

EDWARD J. TURNBAUGH, Appellee, *vs.* WILLIAM DUNLOP, JR., Appellant.

*Opinion filed September 21, 1950.*

BELL, FARRAR & SCOTT, of Rock Island, (ROBERT M. BELL, of counsel,) for appellant.

EDWARD J. TURNBAUGH, of Rock Island, *pro se,* appellee.

Mr. Justice Crampton delivered the opinion of the court:

The plaintiff, Edward J. Turnbaugh, brought an action in the city court of Moline, Rock Island County, to recover damages for injury to his automobile, arising out of a collision which occurred in the neighboring city of Rock Island at a point about two miles beyond the city limits of Moline. Both parties are residents of the city of Moline.

Defendant filed an answer and a counterclaim, incorporating a general appearance in the action. By leave of court, defendant thereafter withdrew his answer and counterclaim, and filed a motion to dismiss the action on the ground that as the cause of action arose outside the territorial limits of the city of Moline, the court lacked constitutional jurisdiction over the subject matter. The court overruled the motion, and, defendant electing to stand upon his motion, rendered judgment for the plaintiff for the amount of the damages and costs. Defendant appeals directly to this court, as the issue involves the constitutional validity of a portion of section 1 of the City Court Act (Ill. Rev. Stat. 1949, chap. 37, par. 333,) relating to the jurisdiction of those courts as changed by amendments at the 1943 and 1947 sessions of the legislature. Laws of 1943, p. 578; Laws of 1947, p. 766.

While the amount involved in this case is small, the case assumes considerable importance. There are twenty-eight city courts in the State which have been created and established pursuant to the City Court Act, and which have been given concurrent jurisdiction, generally, in and for said cities, with the circuit courts, by enactment of the General Assembly. In many instances they have been a useful and efficient adjunct to the judicial department of this State and could be far more effective if the question of their jurisdiction is clarified by this court. There has been much confusion in the cases, due to undue restrictions, from a narrow interpretation of the constitutional provisions, to

the confounding of the questions of territorial jurisdiction and venue, and to unnecessary and inaccurate dicta.

It is quite obvious, we think, the legislature by the new amendments intended to extend, within the limitations of the constitution, of course, the jurisdiction of these courts in order to accomplish the desired objectives of effectiveness and relief of the pressure of business upon the circuit courts in certain areas of the State. The principal issue here, then, is whether the act conforms to the constitutional provisions relating to the creation of such courts.

The statute, in so far as relevant, provides that, "The several courts of record now existing in and for cities, and such as may hereafter be established in and for any city, * * * shall be courts of general jurisdiction in and for the cities * * * wherein they are respectively established, in all criminal cases and in all cases both in law and chancery, * * * concurrently with the Circuit Court." It is further provided in the same section providing for the jurisdiction of said courts that for the purpose of determining venue in civil cases the provisions of the venue statutes shall be construed as if the city wherein the city court is established was a county of which such city court was the circuit court. Section 1 of article VI of the constitution of 1870 prescribes where the judicial powers shall be vested, and includes, among other courts, "such courts as may be created by law in and for cities and incorporated towns." It is thus apparent that, in all material respects, the provisions of the statute as to the scope of territorial jurisdiction are identical with those of the constitution, and purport to create in city courts a jurisdiction commensurate with the maximum permissible under the constitutional provision. The limits of that jurisdiction are, therefore, to be found in the words "in and for cities," and the constitutional issues before this court pertain solely to the construction of this language as contained in the constitution.

Prior to the 1943 amendment, the jurisdiction of the city courts was limited by the act creating them to "all civil cases both law and chancery and in all criminal cases *arising in said* city." (Italics supplied.) (Ill. Rev. Stat. 1941, chap. 37, par. 333.) Under the former decisions it was well settled that the constitutional use of the words "in and for cities" limited the territorial jurisdiction of the court to that area embraced within the boundaries of the city. (*Wilcox* v. *Conklin,* 255 Ill. 604.) The concept of territorial jurisdiction, however, is not to be confused with that of jurisdiction over the subject matter. The former relates to the power of the tribunal considered with reference to the territory within which it is to be exercised. It connotes power over property and persons within the territory. (21 C.J.S. (Courts), sec. 20, p. 35.) Jurisdiction of the subject matter, on the other hand, is the power to hear and determine cases of the general class to which the proceeding in question belongs. (*McFarlin* v. *McFarlin,* 384 Ill. 428, 430.) It is readily seen that the statutory restriction formerly prevailing, whereby only causes of action accruing or arising in the city could be considered, in reality limited the jurisdiction of the subject matter. It was not a limitation upon territorial jurisdiction, although the general class of cases which could be heard and determined was thereby circumscribed with reference to the locality wherein the particular facts or transaction giving rise to the cause of action occurred.

It is obvious that if the case were a local action or *in rem* and the situs were in the particular city, the city court would have the same jurisdiction and venue as the circuit court as to that particular subject matter. But in the case at bar no question of power over property is involved, as the proceeding is solely *in personam.* And as the defendan is a resident of the city, jurisdiction over his person is acquired. In this particular case, plaintiff is also a resident of the city and defendant entered a general appearance in

the cause. This latter act alone would make jurisdiction over defendant's person complete in this type of action. Actions to recover based upon rights of a transitory nature may be brought wherever the defendant may be found (14 Am. Jur., sec. 228, p. 422,) and this jurisdictional right may be asserted subject only to statutes pertaining to venue limiting the same. Thus, there is no issue involving territorial jurisdiction, and cases which concern the scope of such jurisdiction are not controlling here.

In contending to the contrary that the constitutional provision precludes jurisdiction where the cause of action arises outside the territorial limits of the city, appellant relies heavily upon the decisions of this court in *Werner* v. *Illinois Central Railroad Co.* 379 Ill. 559, and *Herb* v. *Pitcairn,* 392 Ill. 138. In the *Werner case* it was held that a city court was without jurisdiction where the events giving rise to the cause of action occurred beyond the city limits. The controlling facts were essentially the same as those in the case at bar, but, as heretofore pointed out, the applicable statutory provisions were far different then and were confined to cases "arising" in the city. While the opinion in that case contains language to the effect that even in the absence of statutory restrictions the constitution would similarly limit the jurisdiction of city courts, those observations were not necessary to the decision, and are not conclusive where, as here, the legislature has abandoned the limitation and restriction to cases "arising" in the city and has broadened the city court jurisdiction to make it co-extensive with that of the circuit court, only within the bounds of the constitution as a court "in and for cities."

These remarks of the court in the *Werner* opinion as to the scope of the constitutional provision were based upon statements in early cases which, upon re-examination, we find do not support that conclusion. In *People ex rel. Beebe* v. *Evans,* 18 Ill. 361, the legislature attempted to create a

single court with a territorial jurisdiction embracing two towns. It was held that under the constitution of 1848 the territorial jurisdiction of a city court is limited to the city for which and within which it is established, and that the act was, therefore, invalid. In its opinion this court observed that city courts "were intended to be for the benefit of the cities, and to meet their wants, and not of the adjacent country. They were designed to dispose of the litigation arising in the cities." Appellant relies upon the last sentence of the quoted language as showing a limitation with respect to the place where a cause of action originates. But we were speaking there only of territorial jurisdiction, and the language of the opinion must be read in reference to such jurisdiction, not to that of the subject matter or class of cases which city courts are competent to hear. Whatever the legislature may have intended by former statutory reference to "cases," the phrase "litigation arising in the cities," as used in the *Evans* opinion, is not equivalent to "causes of action arising in the cities." Litigation arises, not when acts occur creating a cause of action, but when suit is filed and summons served or appearance made,—in short, when a judicial contest is begun. When the defendant in an action *in personam* is served with summons within the city, or when the subject of an action *in rem* is situated therein and the proper procedural steps have been taken, litigation has arisen in the city, within the meaning of the quoted language.

Similarly, in *People ex rel. Montgomery* v. *Barr,* 22 Ill. 241, the question was solely one of territorial jurisdiction, or the area within which the court was competent to issue its process. There the original process was regularly issued and executed within the limits of the city, and the question for decision was whether the court had power, under statutory authority, to enforce the judgment by issuing execution against property of defendants situated in a foreign county. In rejecting the view that power to

issue process after judgment is confined within the city limits, we observed: "This certainly cannot be the meaning of the act, for if it were so, its passage would tend but in a very slight degree, to benefit the city and its business people, or meet their wants. Designed, as those courts are, to settle and dispose of the litigation arising in the cities, they would fall far short of the object, if a successful suitor in that court must stop on the recovery of his judgment. We hold, the court having proceeded to judgment in a case properly arising within its jurisdiction, can never be deprived of that jurisdiction." This description of the case as having properly arisen within the jurisdiction has no reference to the situs of the facts constituting the cause of action, of which the opinion contains no mention whatever, but relates to the service of original process which, as the opinion observes, occurred within the city limits.

Other cases cited by appellant likewise concern the territorial limits within which process may be sent. Under previous decisions construing the constitution in relation to the statutes then in effect, it was settled that city courts lacked jurisdicion to send original process beyond the city limits. (*Covill* v. *Phy*, 26 Ill. 432; *Holmes* v. *Fihlenburg*, 54 Ill. 203; *Gardner* v. *Witbord*, 59 Ill. 145.) But the question before this court does not concern authority to issue process beyond the boundaries of Moline. It does not relate to the power of the city court over persons or property outside such territorial limits. It involves jurisdiction of the subject matter of a transitory proceeding where the parties are properly before the court,—a totally different matter.

The phrase "litigation arising in the cities," as it appears in the early opinions, must be read and interpreted in accordance with its meaning as understood at that time. By virtue of judicial construction this phrase had acquired a meaning which had no literal reference to the place where the events occurred giving rise to the cause of action.

Thus, in 1840 this court held that under a statute creating a municipal court in Chicago with jurisdiction over all matters "arising within" the county, residence of the parties within the city or county would satisfy jurisdictional requirements regardless of where the cause of action actually accrued. *Beaubien* v. *Brinckerhoff,* 2 Scam. (3 Ill.) 269.

In the same year *Brewster v. Scarborough,* 2 Scam. (3 Ill.) 280, was decided. An action of assumpsit was brought in the circuit court of Cook County, to recover upon a bill of exchange made in New York and payable in Indiana. Defendant, who had been served with process, objected to the jurisdiction on the ground that the cause of action did not arise within the county. The statute conferred jurisdiction over all causes "arising in" the county. It was held that the statute contemplated a jurisdiction "over all transitory actions, where the party comes within the territorial limits of its jurisdiction, considering that the cause of action would arise wherever the person of the party was found."

In *Kenney* v. *Greer,* 13 Ill. 432, 447, decided in 1851, this court observed with respect to circuit courts that "By a fiction of law, all transitory actions are supposed to arise in the county where the action is brought."

Such rules have significance in ascertaining what was meant by language appearing in contemporaneous cases, when that language is to be used as authority for present decisions. In the light of this former use of the words "arising in," and as none of the cases relied upon presented issues concerning the place where the events occurred creating the cause of action, we conclude that the dicta concerning the constitutional provision in the *Werner case* was in error; that the early statements of this court had no reference to restrictions upon jurisdiction over the subject matter or type of cases which could be heard, but applied only to territorial jurisdiction or the power of the court over persons within such territory.

For the same reasons, expressions of similar import, in the form of dicta contained in later cases, do not preclude a present consideration of the issue in the light of the new amendments on the basis of principle as well as precedent. The precise question whether the words "in and for" confine the jurisdiction of city courts to cases arising within the territorial limits of the city is now presented for the first time, by virtue of the 1943 amendment deleting from the statute the wording "arising in said city" and leaving the jurisdiction to be determined by the description of the court "in and for" the city and by the tests applied to the circuit courts as limited by the constitutional provision.

In *Baker* v. *Rockabrand,* 118 Ill. 365, a bill was filed in the city court of Aurora seeking rescission of an executed contract for the exchange of lands and a reconveyance to plaintiff. Both parcels of real estate were situated outside the city, but jurisdiction over the person of defendant was obtained. In rejecting defendant's contention, that the court lacked jurisdiction because none of the land sought to be affected was within the city, we observed: "The purpose and scope of the bill is to complete the rescission of the contract, and compel appellee to restore that which he has wrongfully received. Effect can be given to such a decree by acting upon the person of the defendant, and in such cases the rule is, that jurisdiction of the person invests the court with power to proceed to final decree. (*Enos* v. *Hunter,* 4 Gilm. 211; *Cooley* v. *Scarlett,* 38 Ill. 316.) Here, as the court, within its territorial jurisdiction, had all the power of a court of chancery, and had jurisdiction of the person of the defendant, there is no reason why, by the exercise of its chancery powers, it might not compel him to do equity." In discussing the matter of jurisdiction this court made no reference to the place where the transaction occurred, nor was any jurisdictional significance attached to it.

In *Ladies of Maccabees* v. *Harrington, 227* Ill. 511, an action was brought in the city court of Chicago Heights to recover the proceeds of an insurance policy. Summons was issued, directed to the sheriff of Sangamon County and commanding him to summon defendant, a foreign insurance company. Service was thereafter made upon the Illinois Superintendent of Insurance, under a statute requiring every foreign insurance organization doing business in this State to appoint such officer an agent for purposes of service of process upon it. Defendant made a special appearance in the city court attacking jurisdiction on the grounds that the contract upon which the action was brought was not made within the city, nor made payable there, but that the cause of action accrued in the city of Chicago; and also that defendant was not a resident of the city of Chicago Heights and was not served with process within its territorial limits. The trial court sustained demurrers to the pleas, and, after assessment of damages, entered judgment for plaintiffs. On appeal, this court, without remanding, reversed the judgment on the ground that the city court had no power to issue its process beyond the city limits, and, therefore, lacked jurisdiction over the person of defendant. No consideration was given to the question whether jurisdiction was also lacking on the ground that the cause of action did not accrue within the city. Plaintiffs thereafter filed a petition for rehearing, urging that defendant waived its objection to jurisdiction by appearing after the demurrers were sustained and resisting the assessment of damages and rendition of judgment. After examination of the record we concluded that each appearance of defendant was for the purpose of questioning the jurisdiction, and, therefore, denied the petition. The original opinion was modified, however, so as to remand the cause to the city court to enable plaintiffs "to take such steps as they may desire for the purpose of acquiring jurisdiction of appellant."

If, as admitted by the demurrer, plaintiff's cause of action did not accrue within the city, and if such were sufficient to divest the court of jurisdiction, no purpose would be served by giving plaintiffs further opportunity to acquire jurisdiction over the person of defendant.

We do not think that its constitutional authority to create courts in and for cities limits the legislature's power with respect to the subject matter or type of litigation over which city courts may be given jurisdiction. Both on reason and on authority the words "in and for" relate only to extent of territorial jurisdiction: the limits of the area within which the court is authorized to exert its power. The general rule is that actions for personal torts are transitory in their nature and may be brought whenever the wrongdoer may be found within the territory for which the court exists, or whenever jurisdiction over his person is otherwise obtained. As to the jurisdiction of our circuit courts we have found no case in which this rule has been questioned, and we are unable to perceive any indication in the constitutional language that a different rule prevails as to city courts. The circuit courts may be described as courts "in and for" the State of Illinois, and such is the natural import of the constitutional reference to such courts. Yet this territorial limitation does not render them powerless to adjudicate a controversy, transitory in nature, where the defendant is a resident of this State or is found within its boundaries, even though the cause of action had its origin beyond those boundaries. If a court in and for the State has jurisdiction where the cause of action arises in a foreign State, frequently presenting difficult problems of applying foreign law, *a fortiori* a court in and for a city should have jurisdiction where the cause of action arises beyond the city limits but presents only questions of Illinois law.

In the case at bar both parties are residents of the city of Moline and the accident occurred but a short distance

from its boundary. If, as this court has frequently observed, the constitution contemplates that city courts shall be for the benefit of the city and to meet its wants, how is that purpose to be accomplished under the rule urged by appellant? By the word "city" it is manifestly meant the inhabitants or citizens comprising the city. A judgment rendered in a controversy between residents of the city loses none of its characteristics as a benefit to the city merely because the events giving rise to the cause of action occurred beyond its territorial limits. Whether an act of negligence or other tort, creating a transitory cause of action in favor of one resident of the city against another resident, occurs within or without the city, an adjudication of the controversy is of equal importance to those residents. The contrary rule is warranted neither by reason nor by the language of the constitution. City courts would to a large extent be rendered valueless by a construction which would deny their services to the very persons for whom they are established and would send residents of the city out of its territory to seek justice elsewhere. In the absence of compelling constitutional or statutory language, we are unwilling to subscribe to the view that a resident of the city who has suffered wrongs, transitory in their nature, at the hands of those having legal domicile within the city, must show that the situs of such wrongs is likewise within its borders before he can obtain redress in its court. We are aware of no consideration founded in public policy, and certainly none appearing in the language of the constitution, which requires the courts of cities to be closed to resident suitors who invoke their aid against other residents in such cases.

Whatever may be its significance in controlling matters of venue, the place where a transitory cause of action arises can have no jurisdictional effect in the absence of appropriate statutory limitations. In the adjudication of such controversies the court does not exert its power upon

the locality of the acts or events. Its officers are not sent to such place to perform their functions. The power of the court in such cases is exerted upon a defendant whose liability is a general one, to be satisfied from any assets he may possess. If he resides in the city or is found within its borders and is properly brought before the court, jurisdictional requirements have been satisfied regardless of where the acts were performed giving rise to liability. Whatever statements this court has heretofore made to the contrary effect are not the law of this State and are hereby expressly overruled.

We conclude, accordingly, that the city court of Moline had jurisdiction in the present cause and properly overruled defendant's motion to dismiss. Its judgment will, therefore, be affirmed.
*Judgment affirmed.*

Mr. Justice Wilson, dissenting.