(No. 34396.—

JOHN H. CHAPPELLE, Appellee, *vs.* LOUIS RANDOLPH SORENSON *et al.*, Appellants.

*Opinion filed May 23, 1957.*

ROBERT M. BELL, guardian *ad litem,* for appellants.

EDWARD J. TURNBAUGH, of Moline, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The issue on this appeal is whether the Illinois constitution precludes a city court from sending its original process beyond the corporate limits of the city.

The plaintiff, John H. Chappelle, filed a complaint in the Moline city court to partition property located in that

city. Two minor defendants, Louis Randolph Sorenson and Charles Sorenson, were served with summons in Logan County. (Formerly residents of Moline, the children were then inmates of the Lincoln State School and Colony.) The court appointed a guardian *ad litem,* and he filed a special appearance on their behalf, objecting to the jurisdiction of the city court because process was served outside the territorial limits of the city. The court overruled his objection and went on to decree partition.

The only disputed point is whether the court acquired jurisdiction of the person of these defendants, jurisdiction of the subject matter being conceded. A constitutional question being involved, the appeal comes directly to this court.

Article VI, section 1, of the Illinois constitution provides as follows: "The judicial powers, except as in this article is otherwise provided, shall be vested in one supreme court, circuit courts, county courts, justices of the peace, police magistrates, and such courts as may be created by law in and for cities and incorporated towns."

Since an amendment in 1943, section 1 of the City Court Act has provided, *inter alia:* The city courts "shall be courts of general jurisdiction in and for the cities, * * * wherein they are respectively established, in all criminal cases and in all cases both in law and chancery, and also all statutory proceedings as if specifically named in the statutes creating the same * * * concurrently with the Circuit Court, and also concurrent jurisdiction with the Circuit Court in all appeals from the Justices of the Peace and Police Magistrate of the city." The statute further provides that for the purpose of determining venue in civil cases before such city courts, the statutes prescribing or relating to venue are to be construed "to all intents and purposes as if the city, * * * wherein such City * * * Court is established was a county of which such City * * * Court was the Circuit Court." Ill. Rev. Stat. 1955, chap. 37, par. 333.

The defendants concede that under this statute a city court may send its original process beyond the corporate limits of the city, the same as a circuit court. But they insist that the statute thereby violates section 1 of article VI of our constitution which provides that city courts may be established by law "in and for" cities and incorporated towns.

This constitutional provision was considered at length in *Turnbaugh* v. *Dunlop,* 406 Ill. 573, decided in 1950. It was held that the words "in and for" did not bar a city court from assuming jurisdiction of a transitory cause of action arising outside the territorial limits of the city. In overruling previous cases, the court said at pages 574-5: "There has been much confusion in the cases, due to undue restrictions, from a narrow interpretation of the constitutional provisions, to the confounding of the questions of territorial jurisdiction and venue, and to unnecessary and inaccurate dicta."

This holding was reaffirmed in *United Biscuit Co.* v. *Voss Truck Lines,* 407 Ill. 488, a case dealing with similar constitutional language respecting the municipal courts of Chicago. The court stated, at page 499, "these words have no special significance, since the words 'in' and 'in and for' are frequently used interchangeably in the constitution, or as though they meant the same. Thus, we see that circuit courts are 'in' the circuit; superior courts are 'in and for' Cook County; the county court is 'in and for' the county, and the probate court is 'in' the county." See also *Starck* v. *Chicago and North Western Railway Co.* 4 Ill.2d 611, 614.

It would seem, therefore, that the constitution itself does not preclude a city court from sending its original process beyond the territorial limits of the city, but that such rests within the discretion of the legislature. And since the 1943 amendment to section 1 of the City Court Act gives city courts the "maximum permissible" jurisdic-

tion, (*Turnbaugh* v. *Dunlop*, 406 Ill. 573, 575,) the judgment below should be affirmed.

But we are confronted with a situation much like that in the *Turnbaugh case*. For this court committed itself early to a restricted interpretation of this constitutional language, with the result it was thought that city court jurisdiction is limited *by the constitution* to causes of action arising within the city and to persons who could there be served with summons. (See, *e.g.*, *Wilcox* v. *Conklin*, 255 Ill. 604; *Ladies of Maccabees* v. *Harrington*, 227 Ill. 511, and cases cited therein.) As noted, the first of these limitations was removed by the *Turnbaugh case*, the court declaring, despite contrary precedents, that the legislature could if it wished empower a city court to take jurisdiction of a transitory cause of action arising outside the corporate limits of the city. In short, the question was one of statutory authorization, rather than constitutional prohibition. We are urged by the plaintiff to now remove the other limitation, which is likewise said to be predicated upon the constitution rather than statute. And we agree that it should be. The support for a restrictive interpretation of the words "in and for" was weakened considerably, if not entirely removed, by the *Turnbaugh, United Biscuit,* and *Starck* cases.

Actually, to view this as a matter within the province of the legislature is consistent with other cases where the question is so regarded, at least by implication. For example, in *Conrad* v. *Conrad*, 396 Ill. 101, a divorce case, this court recognized that a city court could acquire personal jurisdiction of a nonresident defendant through service by publication. In *Miller* v. *People*, 230 Ill. 65, a city court was permitted to send process in aid of its jurisdiction beyond the city limits. And it has been held that the legislature could properly invest justices of the peace "in and for" townships with jurisdiction beyond the township limits.

(*Moffett* v. *Green,* 386 Ill. 318.) Essentially, the problem is one of venue (cf. *Iles* v. *Heidenreich,* 271 Ill. 480,) a matter resting within the province of the legislature. *Mapes* v. *Hulcher,* 363 Ill. 227.

Accordingly, we hold that there is nothing in the constitution to prevent the General Assembly from authorizing a city court to send its original process beyond the corporate limits of the city, and all expressions to the contrary are hereby overruled.

*Decree affirmed.*