(No. 34393.—

Louis A. Weiss Memorial Hospital, Appellant, *vs.*
Edward F. Kroncke *et al.,* Appellees.

*Opinion filed September 20, 1957.*

Morton C. Elden, of Chicago, for appellant.

Harry G. Fins, of Chicago, for appellees.

Mr. Chief Justice Davis delivered the opinion of the court:

This case involves the constitutionality of the 1955 amendment to section 41 of the Municipal Court Act, which reads: "Provided that in cases in which the cause of action arose within the corporate limits of the city of Chicago summons may be served upon a defendant not residing within the corporate limits of the City of Chicago wherever he may be found in the State, by any person authorized to serve writs." Ill. Rev. Stat. 1955, chap. 37, par. 396.

On December 10, 1956, plaintiff hospital corporation filed a fourth class action in the municipal court of Chicago by which it sought to recover $119.80 from the defendants for hospital services rendered to them in the city of Chicago. Defendants, residents of McHenry County, Illinois, were served with process in that county by a deputy bailiff of the municipal court pursuant to the 1955 amendment to section 41, appeared specially, and moved the court to quash the service of process and dismiss the cause on the ground that the amendatory provisions of section 41 were violative of section 34 of article IV of the Illinois constitution. They also contended that the amend-

ment is not applicable to actions of the fourth class; and that such actions are governed by section 29 of the Municipal Court Act.

The court sustained the motion, held that the amendment was unconstitutional, and ordered that the service of process upon the defendants be quashed and the cause dismissed. The constitutional question presented is fairly debatable and, under section 75 of the Civil Practice Act, is directly appealable to this court. (*Karas* v. *Snell,* 11 Ill.2d 233.) Though the trial court was not required to pass upon the applicability of section 29, the defendants have reasserted the proposition here as an alternative basis to sustain the ruling of the lower court.

Defendants rely on *Wilcox* v. *Conklin,* 255 Ill. 604, to support their contention that the constitution precludes the municipal court from sending its original process beyond the corporate limits of the city of Chicago. We there held that paragraph 6 of section 28 of the Municipal Court Act, as adopted in 1905, permitting the service of original process beyond the corporate limits was unconstitutional; that the municipal court of Chicago existed by virtue of section 1 of article VI of the constitution of 1870, and not pursuant to the provisions of section 34 of article IV, adopted by way of amendment in 1904; and that the territorial jurisdiction of the municipal court of Chicago, for the service of original process, was subject to the same limitations as had theretofore been held to apply to other city courts existing under that constitutional provision. But in the later case of *United Biscuit Co.* v. *Voss Truck Lines, Inc.,* 407 Ill. 488, we held that the municipal court of Chicago had jurisdiction to hear and determine a case based on a transitory cause of action arising outside the limits of the city, and expressly repudiated all prior decisions to the contrary. We further held that the municipal court was created by section 34 of article IV of the constitution which eliminated previous restrictions upon the General Assembly

with respect to the power to create municipal courts for the city of Chicago; and that the jurisdiction of the municipal court must be determined by action of the legislature pursuant to powers granted in the 1904 constitutional amendment, which provides that "the jurisdiction and practice of said municipal courts shall be such as the General Assembly shall prescribe." In this appeal we must determine from this amendment whether the legislature is precluded from passing an enactment authorizing the service of original process beyond the territorial limits of the city.

In *United Biscuit Company* we stated that this amendatory article conferred upon the legislature broad powers "to encompass a new type or species of court, not known or contemplated at the original adoption of the constitution of 1870." While both the constitution and the Municipal Court Act adopted pursuant thereto refer to municipal courts as being "in" or "in and for" the city of Chicago, these words have no special significance and do not limit the jurisdiction of the court to hear and determine only causes of action arising within the city. (*United Biscuit Company* v. *Voss Truck Lines,* 407 Ill. 488; *Turnbaugh* v. *Dunlop,* 406 Ill. 573; and cf. *Starck* v. *Chicago and North Western Railway Co.* 4 Ill.2d 611, 614.) The defendants urge that we give restrictive effect to the constitutional language "local municipal government in and for the city of Chicago." But if such language cannot be considered as depriving the court of jurisdiction to hear and determine causes of action arising outside the city, neither can it logically be construed as prohibiting the court from sending its original process beyond the corporate limits. The provision means only that the court cannot function outside the city. (*United Biscuit Company* v. *Voss Truck Lines,* 407 Ill. 488.) There is nothing in section 34 of article IV of the constitution which, either expressly or impliedly, prohibits the sending of original process beyond territorial limits of the city. On the contrary, this constitutional pro-

vision invests the legislature with full power to prescribe the jurisdiction and practice of the municipal court. In the exercise of its discretion the legislature has allowed service of original process anywhere in the State in cases where the cause of action arises in the city of Chicago. It has made uniform the procedure for the service of process in the municipal court and other courts of record in the State. Civil Practice Act, art. III, sec. 13.1, Ill. Rev. Stat. 1955, chap. 110, par. 13.1.

We held in the early case of *Linton* v. *Anglin,* 12 Ill. 284, under the statute then in force, that where the cause of action arose in the county of plaintiff's residence, action might be brought there and summons sent to any county in the State. Defendants have not suggested that such practice violates the fundamental right of due process. In the present case no question is presented as to the jurisdiction of the subject matter, which is specifically conferred by section 2 of the Municipal Court Act. (Ill. Rev. Stat. 1955, chap. 37, par. 357.) Plaintiff corporation is a resident of the city of Chicago and the services out of which the claim arose were rendered there. Assuming the 1955 amendment to section 41 applicable to cases of the fourth class as specified in section 2, then personal service on the defendants in McHenry County, pursuant to its provisions, rendered them amenable to jurisdiction of the municipal court. This conclusion concerning the constitutionality of the questioned legislation is in harmony with our decision in *Chappelle* v. *Sorenson,* 11 Ill.2d 472, in which we held that the provisions of section 1 of article VI of the constitution do not prohibit a city court, under the City Court Act of 1901, (Ill. Rev. Stat. 1955, chap. 37, par. 333,) from sending its original process beyond the corporate limits of the city; and that the words "in and for" as used in the constitution referring to such courts should not be given the narrow construction heretofore ascribed to them. It is likewise consonant with the broadened concept of juris-

diction as expressed by the United States Supreme Court in *International Shoe Co.* v. *Washington,* 326 U.S. 310, 90 L. ed. 95, which modified and enlarged the more limited view established by *Pennoyer* v. *Neff,* 95 U.S. 714, 24 L. ed. 565.

To support their contention that the 1955 amendatory language of section 41 is not applicable to actions of the fourth class enumerated in section 2, defendants rely on the language of section 29 which provides: "That cases of the fourth class mentioned in section two (2) of this act shall be brought and prosecuted in the district in which the defendant, if there be but one defendant, or one of the defendants, if there be more than one defendant, resides or is found, * * *." (Ill. Rev. Stat. 1955, chap. 37, par. 384.) They contend that since section 41 deals with cases generally, while section 29 refers to fourth class actions specifically, the specific provisions of section 29 supersede the general provisions of section 41, and cite numerous cases in support of that general principle of statutory construction. Plaintiff takes the position that inasmuch as section 29 was adopted in 1907, and the amendment to section 41 in 1955, the later legislation must prevail and the earlier act is repealed by implication. (*Pekin Loan Co.* v. *Soltermann,* 365 Ill. 460.) Both contentions assume that the provisions of section 29 are necessarily inconsistent with the amendatory language of section 41. We do not concur in this assumption. The quoted provisions of section 29 are merely designed to fix the venue of the actions of the fourth class, where one or more of the defendants is a resident of the city of Chicago, by prescribing that the action shall be brought and prosecuted in the municipal court of that district where one or more of the defendants resides or is found. There is nothing in the language of the statute which expressly or impliedly precludes bringing a fourth class action against a nonresident defendant, and this court, in construing the enact-

ment, will not ingraft limitations upon its plain language.

However, we believe that any doubt on the subject may be resolved by consideration of the provisions of sections 40 and 41 of the act. (Ill. Rev. Stat. 1955, chap. 37, pars. 395 and 396.) Section 40, last amended in 1931, specifically applies to actions of the fourth class, excepting only cases in attachment, garnishment, replevin, distress for rent, forcible entry and detainer and trials of right of property. It provides that fourth class actions shall be commenced by the filing of a *praecipe* for a summons and a statement of the nature and amount of plaintiff's claim, thus prescribing a special method for the commencement of such actions, other than those specifically excluded. This procedure simplifies the practice specified in section 19 (Ill. Rev. Stat. 1955, chap. 37, par. 374,) which is prescribed for other classes of actions cognizable in the municipal court. Section 41 then provides: "That upon the filing of such praecipe and statement of claim the clerk of the Municipal Court shall issue a summons to the defendant directed to the bailiff to execute and returnable at half past nine o'clock a.m. sharp, of the day for such return specified in the praecipe, which summons shall state the amount of the plaintiff's claim and shall be attested in like manner as a summons issued out of a court of record: Provided that in cases in which the cause of action arose within the corporate limits of the city of Chicago summons may be served upon a defendant not residing within the corporate limits of the City of Chicago wherever he may be found in the State, by any person authorized to serve writs." Thus, the provisions of section 41, including the 1955 amendment, clearly refer to actions of the fourth class commenced in the manner prescribed in section 40. From the amendment to section 41, we believe it patent that the legislature intended that in cases in which the cause of action arose within the corporate limits of the city of Chicago, service of summons outside the city should apply to actions of the

fourth class. The legislative intent should be sought primarily from the language used in the statute, and if such intent can be ascertained therefrom, it should prevail without resorting to other aids for construction. We find the intention of the legislature free from doubt, and in such case the only legitimate function of the courts is to declare and enforce the law as enacted. *Belfield* v. *Coop,* 8 Ill.2d 293.

The order of the municipal court quashing the service and dismissing the suit must be reversed and the cause remanded to that court for further proceedings consistent with this opinion.

*Reversed and remanded.*