(No. 35985.—

THE PEOPLE *ex rel.* THE TOWN COURT OF CICERO *et al.*,
Petitioners, *vs.* CORNELIUS J. HARRINGTON, Respondent.

*Opinion filed January 20, 1961.*

CHRISTY S. BERKOS, of Cicero, (MILES WLODEK, of
counsel,) for petitioners.

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (VAN DUZER, GERSHON & JORDAN, of Chicago, of counsel,) for respondent.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a petition for an original writ of *mandamus* filed with leave of this court by the People of the State of Illinois, on relation of the town court of Cicero and Louis Kizas, a judge thereof, against Cornelius J. Harrington, a judge of the circuit court of Cook County, praying that the respondent be directed to expunge an order he entered for a writ of prohibition to issue against the petitioners.

The present proceeding was precipitated by an action filed against certain Chicago residents in the town court of Cicero on December 4, 1959, to recover damages allegedly sustained in an accident which also occurred in the city of Chicago. In that action, a motion of one of defendants to transfer the cause to the circuit court of Cook County, on the ground that the action was commenced in the wrong venue, was denied. Thereafter, the same defendant petitioned the circuit court of Cook County for a writ of prohibition to prevent the town court from exercising further jurisdiction over the matter, except to transfer the cause to the circuit court. This petition was allowed, the order of the circuit court finding that the cause had been commenced in the wrong venue and that the town court had exceeded its jurisdiction in refusing to transfer the cause. This petition for writ of *mandamus* has followed.

*Mandamus* will not lie to review the performance of an official act involving the exercise of judgment or discretion, nor to direct or control the action of a judge in any matter which he has the power to decide, (*People ex rel. Atchison Topeka and Santa Fe Railway Co.* v. *Clark,* 12 Ill.2d 515; *People ex rel. Elliott* v. *Juergens,* 407 Ill. 391,) but may be invoked to expunge from the records an order which the lower·tribunal was without jurisdiction to enter. (*People*

*ex rel. Woll* v. *Graber,* 394 Ill. 362; *People ex rel. First of Englewood Bond and Mortgage Corp.* v. *Jarecki,* 357 Ill. 475; *People ex rel. Barrett* v. *Shurtleff,* 353 Ill. 248.) Thus, in deciding if a writ should issue in the present case, we must first determine whether the circuit court had power to enter the order of which complaint is made.

A writ of prohibition is an extraordinary judicial process whereby a superior court may prevent inferior tribunals or persons from exercising a jurisdiction with which they have not been vested by law. (*People ex rel. Modern Woodmen of America* v. *Circuit Court of Washington County,* 347 Ill. 34; *People* v. *Circuit Court of Cook County,* 169 Ill. 201; 30 I.L.P., Prohibition, sec. 1.) The word "inferior" as used in this connection does not relate to the intrinsic quality of the court itself but rather to its relative rank when compared with the court wherein the writ is sought. (*People ex rel. Sokoll* v. *Municipal Court,* 359 Ill. 102.) And whereas orders rendered by courts of general jurisdiction are cloaked with a presumption of validity, no such presumption exists in favor of inferior courts, and jurisdiction in such cases must affirmatively appear from the record. 21 C.J.S., Courts, sec. 97.

The statute which now provides for the establishment of city, village, and town courts (Ill. Rev. Stat. 1959, chap. 37, pars. 333 *et seq.*) initially dealt only with the former, and by reason of a limitation upon city courts to cases "arising in said city," (Ill. Rev. Stat. 1941, chap. 37, par. 333,) they were generally regarded as inferior tribunals without power to consider matters arising outside the municipal boundaries, or to send original process beyond the city limits. (*Reid* v. *Motor,* 119 Ill. 118; *Wolf* v. *Hope,* 210 Ill. 50; *Covill* v. *Phy,* 26 Ill. 433.). However, in 1943, the act was amended so as to remove the words of limitation "arising in said city" and to otherwise broaden its provisions. Again, in 1945 and 1947, the section was further expanded to permit the establishment of town courts and village courts, respectively. In

doing so the legislature specified that such courts "shall be courts of general jurisdiction in and for the cities, villages and towns wherein they are respectively established, in all criminal cases and in all cases both in law and chancery, * * * concurrently with the Circuit Court," and that "the same presumptions shall be had with respect to the jurisdiction of the City, Village or Town court over the subject matter of suits and over the parties thereto, and with respect to the regularity of the proceedings of said City, Village or Town Court as are indulged with respect to the jurisdiction and regularity of the proceedings in the Circuit Court in like cases." (See: Ill. Rev. Stat. 1959, chap. 37, par. 333). Further, the statute was amended to provide that in determining venue in civil cases before such courts, all acts relating to venue shall be construed for all intents and purposes "as if the city, village or town wherein such City, Village or Town Court is established was a county of which such City, Village or Town Court was the Circuit Court." (par. 333) As a result of these amendments, it was thereafter held that such courts had power to consider actions arising outside their geographical limits, (*Turnbaugh* v. *Dunlop*, 406 Ill. 573,) regardless of the residence of the parties, (*Starck* v. *Chicago and North Western Railway Co.* 4 Ill.2d 611,) and that such courts were to enjoy "the maximum permissible jurisdiction." *Chappelle* v. *Sorenson,* 11 Ill.2d 472.

It is clear that by these statutory modifications the legislature intended to make the courts of cities, villages, and towns tribunals of general jurisdiction, concurrent with that of the circuit courts, and to also grant to their acts the presumption of validity associated with the latter courts. Although it may be that the venue of a town or city court is not as encompassing as that of circuit courts, a matter which we do not decide in this case, such a circumstance does not detract from their jurisdiction or relative rank so as to render them inferior. *Chapelle* v. *Sorenson,* 11 Ill.2d 472;

*United Biscuit Co. of America* v. *Voss Truck Lines,* 407 Ill. 488.

Upon careful consideration of the legislative history and the clear and unmistakable language which the legislature has employed, we are of the opinion that the town court of Cicero, when compared with the circuit court of Cook County, is not an inferior tribunal, and that the latter court was without power or authority to order a writ of prohibition to issue against the petitioners. Accordingly, a writ of *mandamus* is awarded commanding the respondent, as a judge of the circuit court, to expunge such order from the records of that court.

*Writ awarded.*