ILLINOIS POWER COMPANY, Plaintiff-Appellant, *v.* PAUL LATHAM *et al.,* Defendants-Appellees.

(No. 71-307;

Fifth District—February 10, 1972.

Roberts, Gundlach & Lee, of Belleville, (Carl W. Lee, of counsel,) for appellant.

Edward L. Welch, of Edwardsville, for appellees.

PER CURIAM:

Plaintiff-appellant filed a complaint in the Circuit Court of St. Clair County, Illinois, alleging that the defendants on repeated occasions appeared at jobsites in and about East St. Louis, Illinois, where the plaintiff's employees were engaged in repairing gas leaks or other work necessary to the distribution of gas to the public and by threats of force and violence and by the display of clubs and other weapons, forced plaintiff's employees to abandon their work. Plaintiff requested the trial court to permanently enjoin the defendants from doing the described acts. After a hearing, the trial court entered the following order:

"Now, on the 22nd day of October, 1971, being a regular judicial day of the Circuit Court of St. Clair County, Illinois, this Court having heard the sworn testimony and the evidence of the Illinois Power Company, a Corporation, the plaintiff in this cause, and the Court having heard motions filed by the parties and having allowed petitioner's motion to strike the pleadings of certain named defendants and having taken the matters under advisement with regard to granting a permanent injunction order as prayed for in the plaintiff's complaint, the Court finds:

That this Court is without authority to issue a restraining order in this cause for the reason that the Court finds that the acts complained of and committed by these defendants are crimes and in violation of the Illinois State Criminal Law; that this Court cannot restrain criminal acts and is not constituted to enforce the criminal laws.

It Is Further Adjudged and Decreed: the petition for restraining order and permanent injunction is hereby denied."

Although a court of equity is reluctant to issue an injunction to

1002

intervene in matters purely criminal, it will do so in a proper case. However, "the mere fact that an act sought to be enjoined is punishable under the criminal laws will not preclude either the state or an individual from invoking the jurisdiction of equity for the purpose of securing an injunction whenever other facts afford a basis for the exercise of equitable jurisdiction on recognized grounds. Where equity would otherwise have jurisdiction to enjoin certain conduct, the fact that the legislature has made such conduct a crime does not affect the jurisdiction to enjoin. Criminality neither affords a basis for, nor does it oust the jurisdition of, the court to grant an injunction. The remedy at law by criminal prosecution is not always efficacious and adequate, and however reluctant equity may be to use the process of injunction against criminal and penal acts, it will not hesitate to do so where the relief is necessary to protect the rights of the public or of private individuals." (42 Am.Jur.2d Injunctions, Par. 157.) See also *People v. Huls*, 355 Ill. 412; *People ex rel. v. Harrington*, 21 Ill.2d 224 and *City of Chicago v. Larson*, 31 Ill.App.2d 450.

For the foregoing reasons the judgment of the trial court of St. Clair County is reversed and this is remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.