**TOTHA SAMUEL, Plaintiff**

v.

**ROGER ST. PIERRE, Defendant**

Civil No. 1164-75

Superior Court of Guam

November 12, 1975

WEEKS, *Judge*

### DECISION

Defendant has sought to have this case dismissed on the

grounds that the Superior Court of Guam is without subject matter jurisdiction over the issues presented therein and secondly because plaintiff has failed to join an indispensible party. The Court is of the opinion that for the following reasons this motion to dismiss must be denied.

Defendant asserts with respect to the first ground that this Court is without subject matter jurisdiction to entertain this matter because P.L. 12–85 Section 82 limits this court's jurisdiction to "those cases arising under the laws of Guam"; and that since the matter here complained of arose in the Marshall Islands, and to an indeterminate extent will be controlled by the laws of that place, that this matter therefore falls without the subject matter jurisdictional limits of this Court.

██ The Court concurs with the assertion that the quoted phrase is definitive of the limits of the Superior Court's subject matter jurisdiction. However, the Court interprets this phrase to indicate that the Superior Court of Guam has subject matter jurisdiction over all causes of action which the Guam Legislature has created or which may have existed at common law. In short these statutory and common law causes of actions define the kind or classes of actions which this Court is competent to entertain. See *Turnbaugh v. Dunlop*, 94 N.E.2d 438 at 440 (1950). This Court does not interpret this phrase as limiting this Court's jurisdiction to those causes of action which not only fall within the above classes of actions but which physically arose within the territory of Guam, or which to some extent may be affected via the conflict of laws principles by the laws of a jurisdiction other than Guam. See *Turnbaugh v. Dunlop*, supra.

█ In this instance plaintiff's complaint clearly indicates that the cause of action from which relief is sought essentially sounds in the tort of fraud. This cause of action existed at common law and therefore can be generically

characterized as a common law cause of action, although numerous statutes have been enacted pertaining thereto. Since the complaint indicates that the cause of action is not only a traditionally recognized common law cause of action, but as well, one codified per operation of Civil Code Section 1571, etc., this Court considers it to be one within that class of actions over which this Court has competent subject matter jurisdiction.

■■ Defendant has further moved to dismiss on the grounds that plaintiff failed to join an indispensible party in contravention of Rule 19(b). From the face of the complaint it would appear that the individual who is alleged by defendant to be an indispensible party (i.e. Anibar Timothy) would be characterized as either a joint tortfeasor or the servant in a master-servant relationship. With respect to the first characterization it is hornbook law that one tortfeasor cannot ground a request for dismissal upon the claim that a fellow joint tortfeasor is an indispensible party. See *O'Shatz v. Bailey*, 220 F.Supp. 444 (D. Md. 1963). With respect to the latter characterization it is an equally fundamental principle that an action initiated against a principal is not res adjudicata with respect to same's agent, notwithstanding the fact that the principal's liability may be derivative. See *Makariw v. Rimard*, 336 F.2d 333 (3rd cir. 1964). Therefore since the present action cannot affect the legal rights and/or obligations of Mr. Timothy there seems to be no reason for characterizing him as an indispensible party in this action.

For the above reasons this motion to dismiss is denied.

Submit order.