L. S. HEATH AND SONS, INC., Petitioner-Appellant, *v.* MARATHON OIL COMPANY, Respondent-Appellee.

Fifth District   No. 77-211

Opinion filed December 29, 1977.

Sorling, Northrup, Hanna, Cullen and Cochran, Ltd., of Springfield (R. Gerald Barris, of counsel), for appellant.

Randall Robertson, of Lueders, Robertson & Konzen, of Granite City, and Delvin C. Menge, of Marathon Oil Company, of Robinson, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by L. S. Heath & Sons, Inc. (Heath), from a final order entered by the circuit court of Crawford County denying Heath's petition to intervene in an appeal by Marathon Oil Co. (Marathon) from an order of the Illinois Commerce Commission (Commission). Heath raises three issues on review: (1) whether it was automatically a party to the appeal of the order of the Commission by virtue of its earlier participation in the proceedings before the Commission; (2) whether sections 67 and 68 of an "Act in relation to public utilities" (hereinafter Public Utilities Act) (Ill. Rev. Stat. 1975, ch. 111 2/3, pars. 71, 72) prohibit Heath's intervention in the appeal; and (3) whether Heath should be allowed to intervene in the appeal pursuant to section 26.1 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 26.1).

The instant appeal arises from the following facts. On December 9, 1975, Gas Utilities Company (Gas Utilities) filed with the Commission a proposed plan for the curtailment of its natural gas service. The plan was a consequence of curtailments in pipeline deliveries to Gas Utilities by its

supplier. Under the proposed plan all interruptible gas service would be curtailed first and, if further curtailments were necessary, gas service to Gas Utilities' six largest customers would be then curtailed on a pro rata basis. Among the six largest customers were Marathon and Heath who, along with others, filed petitions to intervene with the Commission. The petitions were allowed and hearings were had. The evidence showed that Marathon was Gas Utilities' largest volume customer accounting for over 70% of the natural gas sales made in 1974. Of the gas purchased by Marathon, 62% of it was used as feedstock in a hydrogen plant and the remaining 38% was used as fuel for the plant. Marathon offered the Commission an alternative curtailment plan which was more favorable to Marathon than the one proposed by Gas Utilities. On the other hand, Heath, a candy manufacturer, was not a large volume industrial customer but had been classified as a "general service" customer. Heath argued that it should be exempt from any curtailment plan.

Following the hearings the Commission entered an order requiring Gas Utilities to file a three-step curtailment plan. The first step would involve curtailing that portion of Marathon's gas service used as fuel for the hydrogen plant. The next step would involve, if necessary, curtailing that gas used by Marathon as feedstock and all gas used by Gas Utilities' other nongeneral service customers (which group did not include Heath). The final step, if necessary, would involve curtailing gas usage by all of Gas Utilities' remaining customers.

Marathon filed an application for a rehearing and reconsideration with the Commission raising certain objections to the ordered curtailment plan. The Commission denied the application and thereafter Marathon filed a notice of appeal from the Commission's order in the circuit court. Heath, in turn, filed a petition to intervene in the appeal in support of the Commission's order and in opposition to the objections of Marathon. Marathon moved to strike Heath's petition to intervene and following a hearing, the lower court entered an order denying Heath's petition upon a finding that Heath failed to properly perfect an appeal pursuant to section 68 of the Public Utilities Act. The court further found no just reason to delay enforcement or an appeal of the order.

■■ In this appeal from the lower court's denial of Heath's petition to intervene, Heath first contends, citing *Cuny v. Annunzio*, 411 Ill. 613, 104 N.E.2d 780, that it was a necessary party to the appeal from the Commission's order because it was a party of record to the proceedings before the Commission. On this basis Heath concludes that it "automatically" became a party to the appeal below. While it is unclear by what manner Heath claims that it automatically became a party to the appeal, we find, in any event, *Cuny v. Annunzio* to be distinguishable from the instant cause. In *Cuny* the court dismissed an action for

administrative review because of the failure of the appellants to have joined two necessary parties as defendants in the action for review. The holding in *Cuny* was based on section 8 of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 271), which states:

> "In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants."

However, section 2 of that Act (Ill. Rev. Stat. 1975, ch. 110, par. 265) provides in part:

> "This Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act. * * *"

Since the Public Utilities Act does not expressly adopt the provisions of the Administrative Review Act, section 8 thereof underlying *Cuny* is inapplicable to the instant cause.

■■ Turning to the Public Utilities Act, this act itself sets forth certain provisions for a review of an order of the Commission. Section 67 thereof provides that within a certain period following the service of any rule, regulation, order or decision of the Commission, any party to the action or proceeding may apply for a rehearing of the matter determined. The section further states:

> "* * * No appeal shall be allowed from any rule, regulation, order or decision of the Commission unless and until an application for a rehearing thereof shall first have been filed with and finally disposed of by the Commission * * *. No person or corporation in any appeal shall urge or rely upon any grounds not set forth in such application for a rehearing before the Commission. * * *" (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 71.)

Section 68 of the Act provides in part that:

> "* * * No circuit court shall permit a party affected by any rule, regulation, order or decision of the Commission to intervene or become a party plaintiff or appellant in such court who has not taken an appeal from such rule, regulation, order or decision in the manner as herein provided." (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 72.)

It is undisputed that Heath, prior to filing the petition to intervene in the appeal below, had not filed an application for a rehearing from the order with the Commission. The only such application filed was that of Marathon. In this appeal, Marathon contends, as the lower court so found, that the failure of Heath to apply for a rehearing with the Commission pursuant to the provisions quoted above barred Heath from participating

in Marathon's appeal as a party-intervenor. Heath on the other hand, contends that the statute does not prevent its intervention in the appeal because it seeks not to contest the Commission's order but to support and defend the order in the appeal. We note, in addition, that Heath also now seeks to submit a letter from the Commission stating its position in favor of Heath's contention. Marathon moves to strike the letter of the Commission. The Commission is not a party to the appeal in this court and its letter submitted by Heath to this court is not properly a part of the record. Accordingly, we grant Marathon's motion to strike the letter.

The issue presented by the parties, simply put, is whether the statute requires Heath, as a condition precedent to its intervention in the appeal below, to have filed an application for a rehearing with the Commission. We find it does not.

■■■ It is a primary rule of statutory construction that the intent of the legislature must be ascertained and given effect, and that such intent must be sought from the language used in the statute. (*Certain Taxpayers v. Sheahen*, 45 Ill. 2d 75, 256 N.E.2d 758; *Louis A. Weiss Memorial Hospital v. Kroncke*, 12 Ill. 2d 98, 145 N.E.2d 71.) Section 68 of the Act prohibits one from intervening in an appeal "who has not *taken* an appeal" in accordance with the requirements of the statute. We find the provision to be clear and unambiguous. It applies only to those who seek to take the appeal, that is, to those who object and seek to contest the determination of the Commission. Our view is supported by a consideration of the underlying purpose of sections 67 and 68. As stated in *Scherer Freight Lines, Inc. v. Illinois Commerce Com.*, 24 Ill. 2d 359, 363-64, 181 N.E.2d 134, 137:

> "The requirement of an application for rehearing as a condition to an appeal and the limitation that no person on appeal shall rely on any ground not set forth in such application for rehearing clearly disclose the underlying policy that any person aggrieved by a decision of the Commission must first give the Commission an opportunity to correct its alleged errors before resorting to the courts."

It cannot be doubted that this policy has no application to one affected by the Commission's determination who is not aggrieved thereby and who alleges no error in the determination. The legislature is presumed not to have intended an absurdity or injustice. (*Halberstadt v. Harris Trust & Savings Bank*, 55 Ill. 2d 121, 302 N.E.2d 64.) To require one who seeks to intervene in defense of a Commission decision, to first apply for a rehearing, would have the absurd result of requiring a superfluous application wasting the time and expense of both the applicant and the Commission. Since Heath sought to intervene solely for the purpose of supporting the Commission's order, the provisions in question did not operate to prohibit such intervention.

■■■ With regard to Heath's petition to intervene in the appeal below

solely in support of the Commission's order, the statute is silent except that section 68 provides that appeals in the circuit court are to be tried "according to the rules governing other civil cases, so far as the same are applicable." In addition, section 1 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 1) states:

"The provisions of this Act apply to all civil proceedings * * * except * * * proceedings in which the procedure is regulated by separate statutes. In all those proceedings the separate statutes control to the extent to which they regulate procedure, but this Act applies as to matters of procedure not so regulated by separate statutes. * * *"

Since the Public Utilities Act does not regulate procedure with regard to intervention in an appeal in the circuit court in support and defense of the Commission's order, reference must be had to section 26.1 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 26.1). Heath contends that its petition to intervene should have been permitted either as of right under section 26.1(1) or in the discretion of the court under section 26.1(2). We need not consider whether the petition should have been permitted as of right since in any event we find that the denial thereof by the court was an abuse of discretion. Section 26.1(2)(b) provides for intervention in the discretion of the court "when an applicant's claim or defense and the main action have a question of law or fact in common." In the proceedings before the Commission Heath's petition to intervene was granted and Heath presented evidence and arguments in its own behalf on the proposed natural gas curtailment plan. The order of the Commission and its findings reflected the evidence and arguments of Heath, and the curtailment plan adopted by the Commission had the effect of placing Heath, along with other general service customers, in the most favored class in the event of actual curtailments of gas service. In the appeal from that order, the lower court has only the power to determine whether the order was lawful and reasonable. (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 72; *People's Gas Light & Coke Co. v. City of Chicago*, 309 Ill. 40, 139 N.E. 867.) In such appeal, Heath's interest therein is more than merely general and its defense goes directly to the main action. (See *Steelworkers Local 5929 v. Bailey*, 29 Ill. App. 3d 392, 329 N.E.2d 867.) Thus its intervention would neither unduly delay nor prejudice the adjudication of the appeal. Conversely, a denial of its intervention would prevent it from having an opportunity to present its view in support of the Commission's order, specifically, in support of the Commission's placement of it in the most favored class in the gas curtailment plan. An adverse ruling by the lower court against the Commission's order could injure the interests of Heath in that such could result in a change in the favored position in which the Commission placed Heath.

Heath's petition to intervene was denied by the lower court on the

erroneous basis that Heath should have filed an application for a rehearing as a condition precedent thereto. For the foregoing reasons we find that its petition should have been allowed. Accordingly, we reverse the order of the circuit court of Crawford County denying Heath's petition and remand for further proceedings consistent with this opinion.

Reversed and remanded.

G. J. MORAN and CARTER, JJ., concur.